DANIEL GARRARD, PLAINTIFF IN ERROR, *v.* LESSEE OF HENRY REYNOLDS ET AL.

In an action of ejectment, where two of the plaintiff's lessors were married women, and the demise was laid in the declaration to have been on the 1st of January, 1815, it was necessary to establish to the satisfaction of the jury, that the marriage took place before that day, inasmuch as their husbands were stated to have joined in the demise.

Two depositions, taken in 1818, were given in evidence, one of which stated the death of the father of the women to have taken place "upwards of twenty years ago," and the other "about twenty-eight years ago." Both of the depositions, when enumerating the children of the deceased, mentioned the fact of the marriage, without saying when such marriage took place.

In giving its instructions to the jury, the court remarked that "the depositions should be favorably construed." After retiring, the jury returned into court and inquired what was meant by the instruction that the "depositions should be favorably construed," when the court informed them, that "where a suit was brought by A. and B. as man and wife, and a witness proved them man and wife shortly after the suit was brought, without proving the time at which they were intermarried, it might well be inferred that they were man and wife when the suit was instituted; and if there was an ambiguity in the deposition of William Rawle (the witness), it was in the power of the jury to find that the two femes covert had intermarried before the 1st of January, 1815."

The jury were further told, that "the depositions had been referred to the court, on a motion, on the part of the defendant, for a nonsuit, for want of proof of heirship and intermarriage of the daughters of Reynolds, at the date of the demise, 1 January, 1815; and that it seemed to the court that William Rawle (the witness) referred to the persons who were the heirs of Reynolds at the time of his death, and not at the time the deposition was taken, and refused the nonsuit; but the jury were not bound by the construction given by the court, and could give the deposition any construction they saw proper."

No exception having been taken to the opinion of the court overruling the motion for a nonsuit, the question whether, as matter of law, there was any evidence to be submitted to the jury, going to establish the intermarriage at or before the time of the demise laid in the declaration, was not before this court.

And in the submission to the jury of the question of fact, whether or not the evidence proved the marriage before that time, there was no interference with the province of the jury, or violation of any rule of law, the question having been left open for their finding.

There was, therefore, no error in the proceedings of the court below.

THE facts in this case are set forth in the opinion of the court.

The case was argued by *Mr. Crittenden*, for the plaintiff in error, and *Mr. Morehead*, for the defendants.

Mr. Justice NELSON delivered the opinion of the court.

This is a writ of error to the Circuit Court of the United States for the District of Kentucky, bringing up for review certain instructions given to the jury on the trial of an action of ejectment, brought by the defendant in error against the plaintiff in error, and in which the former obtained the verdict.

The action was brought to recover possession of a large tract of land situate and lying in the State of Kentucky, to which the lessors of the plaintiff claimed title as the heirs of James Reynolds, the original patentee of the tract.

Two of them were daughters of the patentee and femes covert, with whom their husbands, Cutbush and Reese, had joined in the action, and the demises in the several counts in the declaration were laid jointly and not severally, and were of the date of 1 January, 1815.

Several questions of law were raised by the counsel for the defendant below, in the course of the trial, and were disposed of by the court, and exceptions taken, but as they have not been relied on here as grounds of error, it is unimportant to notice them more particularly.

The suit was commenced in the latter part of December, 1815, and continued from term to term, until the November term of the court in 1842, when it was tried, and a verdict found for the plaintiff.

Among other testimony introduced on the part of the lessors of the plaintiff to establish their title to the tract, and right to recover the possession, were the depositions of William Rawle and Thomas Cumpston, both of the city of Philadelphia, duly taken before a competent officer, in May, 1818, the material parts of which are as follows.

William Rawle deposed, " That he was well acquainted with James Reynolds, late of the city of Philadelphia, carver and gilder, who lived many years in a house belonging to the wife of this affiant, as a tenant, in the city of Philadelphia ; that, to the best of this affiant's recollection and belief, the said *James Reynolds left five children at the time of his death, which was upwards of twenty years ago. The names of the children living at the time of his death were James, Henry, Anne, and Elizabeth, one of whom married Edward Cutbush, and the other James Reese, and Sarah*, who, as far as affiant's knowledge extends, was not married ; and this deponent believes the said James, Henry, Anne, Elizabeth, and Sarah were the heirs at law of the said James Reynolds, deceased."

Thomas Cumpston deposed, " That he was acquainted with James Reynolds, late of the city of Philadelphia ; that he died about twenty-eight years ago ; that he left two sons, to wit, James Reynolds and Henry Reynolds, and three daughters, to wit, Anne Reynolds, now married to Edward Cutbush, Elizabeth, now married to James Reese, and Sarah Reynolds, whom this deponent believes to be the heirs at law."

When the testimony closed, the following among other instructions were prayed for by the counsel for the defendant, namely, — " That the plaintiff cannot recover on the demise of Cutbush, unless the jury shall find from the evidence that he was married to the daughter of the said patentee, Reynolds, on or before the date of his demise, to wit, the 1st January, 1815 ; nor can the plaintiff recover on the demise of Reese, unless they shall find he was

married to another daughter of the said patentee, at or before the same day ; nor can the plaintiff recover on any of the demises in the declaration, unless the jury shall find from the evidence that the lessor, James Reese, was married as aforesaid, on or before 1 January, 1815 (he having joined in the demise as laid in each of the several counts in the declaration)."

The record further states, that the instructions thus prayed for on the part of the defendant were given, " but the court remarked to the jury, that the depositions should be favorably construed."

After the cause was thus submitted upon this branch of it, the jury returned into court, and inquired " what was meant by the instruction, ' but the depositions should be favorably construed,' when the court informed them, that where a suit was brought by A. and B., as man and wife, and a witness proved them man and wife shortly after the suit was brought, without proving the time at which they were intermarried, it might well be inferred that they were man and wife when the suit was instituted ; and if there was an ambiguity in the deposition of William Rawle (the witness), it was in the power of the jury to find that the two femes covert had intermarried before the 1st January, 1815."

The jury were further told, " that the depositions had been referred to the court, on a motion on the part of the defendant for a nonsuit, for want of proof of heirship and intermarriage of the daughters of Reynolds at the date of the demise, 1 January, 1815 ; and that it seemed to the court that William Rawle, the witness, referred to the persons who were the heirs of Reynolds at the time of his death, and not at the time the deposition was taken, and refused the nonsuit ; but that the jury were not bound by the construction given by the court, and could give the deposition any construction they saw proper."

This is the substance of the case, as presented on the record, so far as the questions before us are involved, and upon which we are called upon to decide.

The counsel for the plaintiff in error contends, that the testimony of Rawle and Cumpston, as detailed in their depositions, and which is alone relied on by the defendants in error as proving the intermarriage of Anne and Elizabeth, two of the heirs of the patentee, with Cutbush and Reese, refers, and upon a fair construction should be limited, to the time when they were taken, to wit, the 4th and 2d May, 1818, and cannot be properly regarded as referring to the time of the demise laid in the declaration, to wit, the 1st January, 1815 ; and that if so, then the testimony did not lay a sufficient foundation to warrant the inference or presumption by the jury of the fact of intermarriage at the latter date, which fact is essential to maintain the action.

Whereas, the counsel for the defendant in error insists that one

or both the ·depositions are open to a construction ·that affords direct proof of the intermarriage as far back as the time of ·the death of the patentee, and, of course, before the date of·the demise ; or, if not direct proof, that the testimony, at least, is sufficiently full and· comprehensive to ·authorize the jury in finding the intermarriage as a conclusion of fact as early as that date.

These· are substantially the adverse positions held and maintained by the respective counsel upon the·point in question between them.

This court is not called upon to express an opinion, whether, as matter of law, there was any evidence to be submitted to the jury, going to establish the intermarriage at or before the time mentioned ;· because, although this ground was taken by the counsel in the · course of the trial below, on a motion for a nonsuit, and was overruled, no exception was taken to the decision.　The point, therefore, is not before us.

Both parties there assumed, that the inference or presumption of intermarriage or not at the date of the demise was one·of fact, depending upon. the weight of the evidence; such as it was, and belonged properly to the province of the jury, and should be submitted to them.　And the only question, therefore, here is, whether the court, in their instruction on the submission of the case to the jury, violated any rule of law, for which error will lie.

We ·have, accordingly, examined the instructions given on ·this aspect of the case with attention, and are satisfied, that, upon the strictest analysis to 'which they may be properly subjected, there is no well founded objection to ·them.

It is true, after advising the jury in accordance with the prayer of the defendant below, that it was necessary for the plaintiff to establish the intermarriage at the time of the demise, in order to entitle him to the verdict, the court added, that the depositions given in evidence for this purpose should be favorably construed. But if we were to concede any thing exceptionable in this mode of construing the depositions, the error was sufficiently explained and corrected when the inquiry was made by the jury as to the force and effect.to be given to the observation of the .court.　In effect, they were then told that the depositions, especially Rawle's, left the question at issue open for their consideration, depending upon the weight to be given to the facts therein testified to, and .upon which it was competent for them to find for the plaintiff ; which, in judgment of law, was nothing more than the assertion of a right in the jury that had already been ·virtually implied in the case from the·concession of both parties, that the question belonged to that tribunal to determine, according to their view of the ·evidence.

Indeed, instead of improperly. interfering with the province of the·jury, the court seems to have been particularly guarded against

leaving any undue impression upon their minds as to the weight and effect of the evidence from opinions that had fallen from it in the course of the trial. For, after referring to the view taken in their hearing on the motion for a nonsuit, in which the court were oblig-ed to express an opinion as to the tendency of the evidence on the depositions, the jury were expressly advised, that they were not bound by the construction given by the court, but could give such construction as, in their judgments, the facts would warrant.

Even if an opinion had been expressed, in the course of submit-ting the case, more pointedly, as to the bearing and tendency of the evidence, than is to be found in this case in the record, after the jury were advised, that they were not intended as instructions, or to be binding upon them, — that the question was one of fact and con-struction, which they must consider and determine for themselves, — we are not aware of any ground of reason or authority upon which error could be predicated for an interference with the rights of the jury, but the contrary.

The cases of Evans v. Eaton (7 Wheat. 426), and Carver v. Jackson, ex Dem. of Astor and others (4 Peters, 80, 81), need only be referred to in confirmation of the position.

We are of opinion, therefore, that the judgment of the Circuit Court should be affirmed.