## SUPREME COURT.

### · STRAUSS agt. PARKER.

A defective *verification* furnishes no ground for setting aside the pleading.

If the verification of a pleading is deemed insufficient, the opposite party may test that question by omitting to verify his answer to it.

Nor can an entire complaint be set aside on an allegation that several causes of action therein are not separately stated, (*Code,* § 167.) The defendant may *demur,* and allege for cause of demurrer, that several causes of action have been improperly united. (*See Wood agt. Anthony, ante p.* 78; *Gooding agt. McAllister, ante p.* 123, *the latter adverse.*)

Where the complaint is not numbered as required by the 87th, rule, the proper practice, in this and all other cases where the defect is merely formal, is to return the pleading after pointing out the defect. If this is not done within a reasonable time, the irregularity is waived.

*Albany Special Term, Jan.* 1854. Motion to set aside complaint.

The complaint states that the defendant is indebted to the plaintiff in the sum of $25.50, " for goods, wares, and mer- chandise sold and delivered, and bargained and sold, and also for a balance due on settlement of accounts for said goods sold as aforesaid." After stating this cause of action, the complaint proceeds to set forth separately *eight* other causes of action as- signed to the plaintiff by *eight* different creditors of the defend- ant. The defendant moved to set aside the complaint " on the ground that it contains several causes of action, and that the same are not separately stated and plainly numbered, and that the verification of the complaint is imperfect and insufficient."

D. K. OLNEY, *for Plaintiff.*

J. K. PORTER, *for Defendant.*

HARRIS, Justice. In respect to the verification, it is enough to say that, if the defendant's attorney deems it insufficient, he may test the question by omitting to verify his answer. This he has a right to do, if the complaint has not been verified in the manner prescribed by the Code. But a defective verifica- tion furnishes no ground for setting aside the pleading.

So, too, if the plaintiff has failed to comply with the requirements of the 167th section of the Code, by stating the several causes of action which it contains *separately*, the defendant may demur to the complaint and allege for cause of demurrer, that several causes of action have been improperly united. Getty agt. The Hudson River Railroad Co. (8 *How*. 177.) But the entire complaint cannot be set aside upon that ground.

The complaint is not numbered, as required by the 87th rule. But the defendant's attorney is mistaken in supposing that a pleading is to be set aside for this defect. The proper practice in this, and all other cases where the defect is merely formal, is, to return the pleading, and at the same time point out the defect. (White agt. Cummings, 3 *Sand*. 716; Levi agt. Jackeways, 4 *How*. 126.) If this be not done within a reasonable time, it will be held that the irregularity has been waived. I know that in Blanchard agt. Strait, (8 *How*. 83,) it was stated as one of the grounds upon which the complaint was set aside, that the causes of action had not been numbered in compliance with the 87th rule. But the decision was abundantly sustained upon other grounds, and the former practice in relation to formal defects in pleadings is certainly more reasonable, as well as convenient, and should be retained.

The motion must, therefore, be denied, but I think it should be without costs.