WILLIAM SUTPHEN, APPELLANT, *v.* SIMON A. LASH, RESPONDENT.

*Discontinuance of action — Trial fee — Costs — when judgment may be entered for, on order discontinuing the action — Practice, when action is discontinued.*

After an action had been noticed for trial and placed upon the calendar, and just as it was about to be moved for trial, an order was entered discontinuing the action upon payment of costs. *Held,* that the defendant was not entitled to include a trial fee in such costs.

Where an order is entered discontinuing an action on payment of costs, the defendant may, so long as the costs are unpaid, enter judgment therefor and issue execution thereon, or he may disregard the order and proceed with the action as though it had never been entered.

APPEALS from an order made at the Special Term denying a motion to set aside a judgment, and from an order denying a motion for a readjustment of costs.

This action was begun in 1870. On the 15th of February, 1876, the cause was called in its order on the calendar, and, the plaintiff not answering, the defendant's attorney dismissed the complaint. The defendant's costs were thereupon taxed, and a judgment therefor entered in favor of defendant and against plaintiff. Upon the payment, by the plaintiff, of the sum of twenty-five dollars, this judgment was vacated by consent on the seventeenth of March, and the cause set down for the April term. While the cause stood in this condition on the April calendar, awaiting trial, the defendant's attorney was served with a stay of proceedings, embodied in an order to show cause why plaintiff should not have leave to discontinue the action without payment of costs, returnable April seventeenth. The cause in the meantime being reached on the calendar, it was directed by the Circuit Court, upon these facts, that it stand till the eighteenth of April, in order that this motion might first be disposed of. The motion was denied. Thereupon the plaintiff procured an order, April twenty-ninth, that the cause be discontinued on payment of costs to be taxed.

The costs, including a trial fee, were taxed on the fifth of May, and, not having been paid, the defendant, on the twenty-fifth of May, entered judgment therefor.

*William Sutphen,* in person, and *Daniel W. Gillett,* for the appellant. The judgment was irregular. Plaintiff had a right to enter the order allowing a discontinuance upon payment of costs, and it is well settled that the defendant cannot, under such an order of discontinuance, enter up a judgment for his costs. (*Leonard* v. *Slaughter,* 10 John. R., 376 [1813]; *Huntington et al.* v. *Forkson,* 7 Hill, 195 [1845]; *Wightman* v. *Shankland,* 18 How. Pr., 79 [1859]; *Hicks* v. *Brennan,* 10 Abb. Pr., 304 [1860].) The costs, as taxed, are in their nature interlocutory, and therefore cannot be collected by a judgment. (*Brown* v. *Leigh,* 50 N. Y., 427; *Wilkin et al* v. *Raplee,* 52 id., 248.)

*F. C. Bowman,* for the respondent.

DANIELS, J.:

On the adjustment of the costs, the plaintiff objected that a trial fee should not be included in the amount. But, as it appeared that the complaint was dismissed on proof of service of a notice of trial at the circuit, that objection was properly overruled. (*Dodd* v. *Curry*, 4 How., 123; *Tillspaugh* v. *Dick*, 8 id., 33; *Shannon* v. *Brower*, 2 Abb., 377.) But after the default was taken it was set aside by consent for the sum of twenty-five dollars, paid by the plaintiff to the defendant's attorney. And as the costs and disbursements to which the defendant was entitled in the action were all included in the bill as it was adjusted, this sum should have been deducted from its aggregate amount. It was evidently a payment of so much in the way of costs, recoverable as a consequence of the default; and the plaintiff was entitled to derive that benefit from it.

The amount was less than the costs and disbursements attending the default; but the plaintiff was none the less entitled to the benefit of it because of that circumstance.

The cause was afterwards noticed and placed upon the calendar for trial, and, as it was about to be moved, the proceedings were stayed for a motion to be made for leave to discontinue without costs. That was denied, and an order entered discontinuing the action on payment of costs. The defendant claimed that this entitled him to another trial fee, within the cases of *Pomeroy* v. *Hulin* (7 How., 161), and *Jones* v. *Case* (38 id., 349); but neither of them, nor the other authority referred to, proceeds far enough to support that position. As the costs were not paid pursuant to the order, the action might have been again dismissed, which would have entitled the defendant to another trial fee; but, as it stood when the bill of costs was adjusted, that could not properly be allowed. The defendant was, then, entitled to but one trial fee, and from the amount of the bill the twenty-five dollars should have been deducted.

After the costs were adjusted the defendant entered a judgment in the action for their recovery. The plaintiff moved to set that aside as irregular, assigning as a reason in support of the motion, that a judgment cannot be entered on an order of discontinuance. The defendant, it is well settled, had the right to treat the order as a nullity without payment of the costs after their adjustment. He

could have proceeded in the action and dismissed the complaint, and then entered judgment for the recovery of his costs. But while he could take that course, he was not bound to do so. He had the power to waive that right, and regard the discontinuance as a termination of the action and enter a judgment for his costs upon it accordingly. This practice was allowed by the statute before the Code. (3 R. S. [5th ed.], 908, §§ 1, 4.) And it was followed by the courts. (1 Burrill's Pr., 179, 383, 418.) The defendant had his election whether he would enter judgment and issue execution for the collection of his costs, where they remained unpaid, or disregard the order entirely and proceed with the action the same as though the discontinuance had not been ordered. And that has not been abrogated by the Code, because it is not inconsistent with any of its provisions. It is only where a preceding statute proves inconsistent with the Code that it has been repealed by that system. (§ 468.) Beyond that, the preceding rules and practice have been retained when they are found consistent with the changes made by the Code. (§ 469.) And the right to enter judgment for the collection of costs upon a discontinuance appears to have been in that manner preserved. This, in substance, was the view of the practice which was taken in *Crockett* v. *Smith* (14 Abb., 62), and *Pacific Mail Co.* v. *Leuling* (7 Abb. [N. S.], 37–41).

The plaintiff has cited many cases which were supposed to conflict with the existence of this right, but the most that can be deduced from them has already been stated. The order of discontinuance, without the actual payment of costs, is a nullity as to the defendant, if he elects so to regard it; but he is under no obligation to the other party to so consider it. He may elect to regard it as an effectual termination of the action, and enter judgment for the recovery of his costs, as the defendant did in this instance.

The order denying the motion for readjustment of the costs should be reversed with the usual costs and disbursements to the appellant, and a readjustment ordered, unless the defendant, within twenty days after notice of this decision, stipulate to deduct twenty-five dollars from the amount recovered as the judgment now stands. If such a stipulation be given, then the order, as so modified, will be affirmed, without costs.

The order denying the motion to set aside the judgment should be affirmed, with ten dollars costs besides the disbursements.

DAVIS, P. J., and BRADY, J., concurred.

Order affirmed denying motion to set aside judgment with costs, etc. Order denying motion for readjustment of costs reversed, unless, etc., as stated in the opinion. Order to be settled.