# GERMAN ALLIANCE INSURANCE COMPANY *v.* HALE.

**ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF ALABAMA.**

No. 56. Argued and submitted November 29, 1910.—Decided January 16, 1911.

The business of fire insurance is of an extensive and peculiar character, concerning a large number of people; and it is within the police power of the State to adopt such regulations as will protect the public against the evils arising from combinations of those engaged in such business, and to substitute competition for monopoly; and regulations which have a real substantial relation to that end and are not essentially arbitrary do not deprive the insurance companies of their property without due process of law.

All corporations, associations and individuals, within its jurisdiction, are subject to such regulations in respect of their relative rights and duties as the State may, in the exercise of its police power and in harmony with its own and the Federal Constitution, prescribe for the public convenience and the general good; and the State may also prescribe, within such limits, the particular means of enforcing such regulations.

Although the means devised by the state legislature for the enforcement of its police regulations may not be the best that can be devised, this court cannot declare them illegal if the enactment is within the power of the State.

A State is not bound to go to the full extent of its power in legislating against an evil from which it seeks to protect the public.

A statute which applies equally to all of the same class and under like conditions does not deny equal protection of the law.

A statute that applies to all insurance companies which unite with others in fixing rates to be charged by each constituent member of the combination does not deny equal protection of the law to the companies so uniting. The classification is neither unreasonable nor arbitrary, but has a reasonable and just relation to the evil which the legislation seeks to prevent.

Where defendant takes no exception to action of the trial court in sustaining demurrer to one of his pleas, but goes to trial on the merits, introduces evidence on other issues, and does not offer evidence on those raised by that plea, this court may fairly assume that he waived or abandoned it on the trial even if he has assigned as error the action of the court in sustaining the demurrer.

Sections 2619, 2620 of the Code of Alabama, 1896, as amended, §§ 4954, 4955, Code 1907, imposing on all insurance companies who are connected with a tariff association a liability to be recovered by the insured of twenty-five per cent in excess of the amount of the policy, are not unconstitutional under the Fourteenth Amendment as depriving such companies of their property without due process of law or denying them the equal protection of the laws.

THE facts, which involve the constitutionality of certain provisions of the Code of Alabama, are stated in the opinion.

*Mr. Alex. C. King* and *Mr. H. Pillans* for plaintiff in error:

The statute of Alabama (Code of 1896, § 2619), attacked as unconstitutional, is not a condition to the doing of business in the State imposed on foreign corporations; neither is it a penalty put upon one class of litigants; neither is it a part of the costs of one class of cases. It is a discrimination imposed upon a part of the class, to-wit,

fire underwriters, and not upon others, who may have the same contract, the same defenses, who may have charged the same premium and may be in the same relation to the insured, *Gulf, Colorado & Santa Fe Ry.* v. *Ellis,* 165 U. S. 150, 153; *Cotting* v. *Kansas City Stock Yards Co.,* 183 U. S. 79, 100, 108; *Connolly* v. *Union Sewer Pipe Co.,* 184 U. S. 540.

While classification is allowed, it must not be arbitrary; it must be reasonable with relation to the subject-matter, and such reasonableness is a judicial question. The division is not based on any difference of contract with the plaintiff-claimant. It is not even based on a state of facts necessarily prevailing when the insurance contract was made. The contracts of each insurer may be identical in every respect. Even the membership in a tariff association may have occurred after the policies were all delivered to the assured.

It is a law providing one rule for construction of a private contract in one case, where the same contract between other insurance companies and the insured is differently construed.

The excess liability under the statute is not a penalty, and adjudged as such for making an illegal combination. The insurer may be ever so flagrant in making a combination as to rates affecting the very risk incurred, and the proof may be conclusive as to this. It may defend successfully alone on a breach of covenant not affecting the happening of the loss, the extent of damage done, or the good faith of the plaintiff. If successful on this defense, the verdict is for the defendant, without damages of any kind.

The decisions of the Supreme Court of Alabama on this statute, *Continental Ins. Co.* v. *Parks,* 142 Alabama, 650; *Firemen's Fund Ins. Co.* v. *Hellner,* 49 So. Rep. 297, overlook the true question involved in the claim made that it is void under the Fourteenth Amendment.

These decisions are in conflict with previous decisions

of the Supreme Court of Alabama, the principles of which declare this statute invalid both under the constitution of Alabama and the Fourteenth Amendment. See *South & North R. Co.* v. *Morris,* 65 Alabama, 193; *Louisville & Nashville R. Co.* v. *Baldwin,* 85 Alabama, 627; *Randolph* v. *Builders' & P. S. Co.,* 106 Alabama, 501.

This statute also discriminates against the insurance companies falling within its terms, as against the rest of the community, in that it penalizes them and vitiates clauses of their contracts for making any agreement fixing prices, while no such penalty or consequence is visited on any other litigant. *Wabash &c. R. R. Co.* v. *Illinois,* 118 U. S. 557.

The court below erred in sustaining the demurrers to the plea setting up a breach of the iron safe clause of said policy. *Scottish Un. & Nat'l Ins. Co.* v. *Stubbs,* 98 Georgia, 754, 761; *Georgia Home Ins. Co.* v. *Allen,* 128 Alabama, 451.

. The Alabama statute is an unconstitutional interference with the liberty of contract. This intrusion into a contract of yesterday, which was lawful yesterday which can be made, merely because of some act of one of the parties, disconnected with the contract and with the other, to-day, is unlawful. Such legislation has no reasonable tendency to aid in the legitimate accomplishment of any purpose under the police power.

The right to make contracts in relation to his business is part of the liberty of the individual protected by the Fourteenth Amendment. *McLean* v. *State of Arkansas,* 211 U. S. 539, 547; *Allgeyer* v. *Louisiana,* 165 U. S. 578; *Lochner* v. *New York,* 198 U. S. 45; *L. & N. R. R. Co.* v. *Baldwin,* 85 Alabama, 619, 629.

This law is invalid in so far as it seeks to alter a contract valid at the time it was entered into, because of the supposed misbehavior of one of the parties in his subsequent relations to the State; it undertakes to deprive one

contracting party of his property in behalf of the other
contracting party and thus arbitrarily to enrich the latter
at the expense of the former.

*Mr. Thomas M. Stevens* for defendant in error:

The Supreme Court of Alabama, has upheld the valid-
ity of the statute involved in this case, in *Continental Ins.
Co.* v. *Parkes*, 142 Alabama, 650; *Firemen's Fund Ins. Co.*
v. *Hellner*, 49 So. Rep. 297; *Ætna Ins. Co.* v. *Kennedy*, 50
So. Rep. 73.

The statute does not discriminate between different in-
surance companies—the only distinction is that which
exists between the innocent and the guilty. The statute
does not discriminate between 'those who violate its terms.
The penalties imposed by the statute are not directly or
indirectly aimed at an impairment of the insurer's right
to defend, but they are intended as a punishment for a
violation of the laws of the State. The statute does not
impair the obligation of contracts, as its operation is
limited to those contracts made after its adoption. *Denny*
v. *Burnett*, 128 U. S. 489; *Edwards* v. *Kearzey*, 96 U. S.
595; *McLean* v. *Arkansas*, 211 U. S. 546, 547; *Gundling* v.
*Chicago*, 177 U. S. 183.

The purpose of the regulation being laudable and proper,
it is not so utterly unreasonable and extravagant in its
nature as to be condemned upon that ground. The con-
tention that the effect of imposing the penalty is to take
one person's property and bestow it upon another is mani-
festly unsound.

The selection of those who may recover the statutory
penalty is based upon a reasonable classification well
within the legislative discretion. *L. & N. R. R.* v. *Bald-
win*, 85 Alabama, 619.

The purpose of the law is, not to reimburse the insured,
but to punish the insurer for violating the law against
combinations and there can be no reason for distinguish-

ing between contracts of insurance made before, and those made after, the entering into the prohibited combination.

The punishment is not so severe and far-reaching as to be classed as unreasonable and arbitrary. To so hold, the court must decide that the punishment goes so far beyond what is necessary as to shock the conscience, and there is nothing in the character, nature or extent of the punishment imposed by the statute which can authorize this court to set aside and hold for naught the legislative will and judgment expressed in and by the enactment of the said statute.

The well-established rule that contracts of insurance are to be construed most strictly against the insurer, is here applicable and relevant.

MR. JUSTICE HARLAN delivered the opinion of the court.

This action was brought in one of the courts of Alabama by the defendant in error, Hale, on a policy of fire insurance issued by the German Alliance Insurance Company, a New York corporation.

The policy covered "lumber and square timber while stacked on the banks of Byrne's Mill Pond near Bay Minette, Baldwin County, Alabama, said lot of lumber and timber containing 300,000 feet," etc.

Upon the petition of the defendant, the case was removed into the Circuit Court of the United States for the Southern District of Alabama, where a verdict was returned for $5,198.93 in favor of the plaintiff. For that amount judgment was rendered against the company. The Circuit Court suggested that the verdict was excessive, and that the motion for new trial would be granted, unless the plaintiff reduced the verdict to $4,112. The required reduction was made and the new trial denied. *Northern Pacific R. R. Co.* v. *Herbert*, 116 U. S. 642, 647.

The principal question presented by the assignments of

error arises out of certain provisions of the Code of Alabama, as follows:

"SECTION 2619. Every contract or policy of insurance hereafter made or issued shall be construed to mean that in the event of loss or damage thereunder, the assured or beneficiary thereunder may, ·in addition to the actual loss or damage suffered, recover twenty-five per cent of the amount of such actual loss, any provision or stipulation in such contract or policy to the contrary notwithstanding. Provided, at the time of the making of such contract or policy of insurance, or subsequently before the time of trial, the insurer belonged to, or was a member of, or in any way connected with, any tariff association or such like thing by whatever name called, or who had made any agreement or had any understanding with any other person, corporation or association engaged in the business of insurance as agent or otherwise about any particular rate of premium which should be charged or fixed for any kind or class of insurance risk; and, provided further, no stipulation or agreement in such contract or policy of insurance to arbitrate loss or damage nor to give notice or make proofs of loss or damage shall in any such case be binding on the assured or beneficiary, but right of action accrues immediately upon loss or damage.

"SECTION 2620. If it is shown to the reasonable satisfaction of the jury by a preponderance of the weight of the testimony that such insurer at the time of the making of such agreement or policy of insurance or subsequently before the time of trial belonged to, or was a member of, or in any way connected with any tariff association or such like thing by whatever name called, either in or out of this State, or had made any agreement or had any understanding either in or out of this State with any other person, corporation or association engaged in the business of insurance as agent or otherwise about any particular rate of premium which should be charged or fixed for any risk of

insurance on any person or property or on any kind or class of insurance risk, they must, if they find for the assured or beneficiary, in addition to his actual damages, assess and add twenty-five per cent of the amount of such actual loss, and judgment shall be rendered accordingly, whether claimed in the complaint or not." Alabama Code, 1896, §§ 2619, 2620; *Ib.*, 1907, §§ 4954, 4955.

At the time of the contract of insurance the defendant corporation was connected with a tariff association which prescribed the rates of premium to be charged by its constituent members. The verdict and judgment against the company gave effect to that clause of the statute providing that under every contract or policy of insurance, thereafter made or issued by any such association, the assured or beneficiary may, in addition to the actual loss or damage suffered, recover 25 per cent of the amount of such actual loss, any provision or stipulation in such contract or policy to the contrary notwithstanding.

The assignments of error present a question of practice which is supposed to be raised by those provisions of the policy which contained a covenant and warranty in these words:

"1st. The assured will take a complete itemized inventory of stock on hand at least once in each calendar year, and unless such inventory has been taken within twelve calendar months prior to the date of this policy, one shall be taken in detail within thirty days of issuance of this policy, or this policy shall be null and void from such date, and upon demand of the assured the unearned premium from such date shall be returned. 2d. The assured will keep a set of books, which shall clearly and plainly present a complete record of business transacted, including all purchases, sales and shipments, both for cash and credit, from date of inventory, as provided for in the first section of this clause and during the continuance of this policy. 3d. The assured will keep such books and inventory, and

also the last preceding inventory, if such has been taken, securely locked in a fireproof safe at night. In the event of failure to produce such set of books and inventories for the inspection of this company, this policy shall become null and void, and such failure shall constitute a perpetual bar to any recovery thereon. And defendant avers that the assured wholly disregarded the terms, stipulations and conditions of said policy in the following respects, to wit: 1st. He did not keep a set of books as therein provided; 2d. He did not keep said books securely locked in a fireproof safe at night, and at other times as therein provided; 3d. He failed to produce said books for the inspection of the defendant after said alleged loss, wherefore said policy became and was null and void. And the defendant says by reason of the failure and refusal of said plaintiff to comply with the said covenant and warranty in the said particulars the said plaintiff is not entitled to recover in this action, nor to have and maintain this action against the defendant."

The principal question arising on this writ of error is whether the above sections of the Alabama Code are consistent with the Constitution of the United States. The contention is that the provision allowing the insured or beneficiary in a named contingency to recover, in addition to the actual loss or damage suffered by him, twenty-five per cent of the amount of loss or damage so suffered—any stipulation in the contract of insurance to the contrary notwithstanding—deprives the company of its property without due process of law, and also denies to it the equal protection of the laws; thus, it is contended, violating the Fourteenth Amendment of the Constitution of the United States.

In our opinion the statute is not liable to objection on constitutional grounds. The State—as we may infer from the words of the statute alone—regarded the fixing of insurance rates by self-constituted tariff associations or com-

binations as an evil against which the public should be guarded by such legislation as the State was competent to enact. This question was before the Supreme Court of Alabama, and the statute was there assailed as violating both the state and Federal constitutions. That court held that the object of the legislature of Alabama was to prevent monopoly and to encourage competition in the matter of insurance rates, and that the statute was a legitimate exercise to that end of the police power of the State, not inconsistent with either the state or Federal constitution. *Continental Ins. Co.* v. *Parkes,* 142 Alabama, 650, 658, 659. The same view of the statute was taken by the state court in subsequent cases. *Firemen's Fund Ins. Co.* v. *Hellner,* 49 So. Rep. 297; *Ætna Ins. Co.* v. *Kennedy,* 50 So. Rep. 73. We concur entirely in the opinion expressed by the state court that the statute does not infringe the Federal Constitution, nor deprive the insurance company of any right granted or secured by that instrument. The business of fire insurance is, as every one knows, of an extensive and peculiar character, and its management concerns a very large number of people, particularly those who own property and desire to protect themselves by insurance. We can well understand that fire insurance companies, acting together, may have owners of property practically at their mercy in the matter of rates, and may have it in their power to deprive the public generally of the advantages flowing from competition between rival organizations engaged in the business of fire insurance. In order to meet the evils of such combinations or associations, the State is competent to adopt appropriate regulations that will tend to substitute competition in the place of combination or monopoly. *Carroll* v. *Greenwich Ins. Co.,* 199 U. S. 401, 411. Regulations, having a real, substantial relation to that end, and which are not essentially arbitrary, cannot properly be characterized as a deprivation of property without due process of law. They are enacted

under the power with which the States have never parted, of caring for the common good within the limits of constitutional authority. Insurance companies, indeed, all corporations, associations and individuals, within the jurisdiction of a State, are subject to such regulations, in respect of their relative rights and duties, as the State may, in the exercise of its police power and in harmony with its own and the Federal Constitution, prescribe for the public convenience and the general good. *Jacobson* v. *Massachusetts*, 197 U. S. 11, 27, 31; *Lake Shore &c.* v. *Ohio*, 173 U. S. 285, 297; *House* v. *Mayes, ante*, p. 270.

Much stress is placed by the insurance company on that clause of the statute allowing the insured to recover, in addition to the actual loss or damage suffered, twenty-five per cent of the amount of such loss or damage, if the company, before or at the time of trial belonged to or was connected with a tariff association that fixed rates. We do not think that this provision is in excess of the power of the State. As a means to effect the object of the statute—the discouragement of monopoly or combination and the encouragement of competition in the matter of insurance rates—the State adopted the regulations here in question. It was for the State, keeping within the limits of its constitutional powers, to say what particular means it would prescribe for the protection of the public in such matters. The court certainly cannot say that the means here adopted are not, in any real or substantial sense, germane to the end sought to be attained by the statute. Those means may not be the best that could have been devised, but the court cannot, for any such reason, declare them illegal or beyond the power of the State to establish. So far as the Federal Constitution is concerned, the State could forbid, under penalty, combinations to be formed within its limits, by persons, associations or corporations engaged in the business of insurance, for the purpose of fixing rates. But it is not bound to go to that extent in its

legislation. It may, in its discretion, go only so far as to impose upon associations or corporations acting together in fixing rates, a liability to pay to the insured, as part of the recovery, a certain per cent beyond the actual loss or damage suffered, if, before or at the time of suit on the contract of insurance, it is made to appear that the company or corporation sued is part of or connected with a, tariff rate association. Such a provision manifestly tends to discourage monopoly or combination and to encourage competition in a business in the conduct of which the general public is largely interested.

Equally without basis on which to rest is the contention that the statute violates the clause of the Fourteenth Amendment, forbidding a State to ": deny to any person within its jurisdiction the equal protection of the laws." We will assume, for the purposes of this case, that this company is within the jurisdiction of the Federal court so as to entitle it to claim the benefit of that provision of the Fourteenth Amendment. *Blake* v. *McClung*, 172 U. S. 239, 260. We are yet clearly of the opinion that the statute does not, within the meaning of the Constitution, deny the insurance company the equal protection of the laws. The statute applies only to associations or corporations that unite in fixing the rates of insurance to be charged by each constituent member of the combination. Looking at the evil to be remedied, that was such a classification as the State could legally make. It is neither unreasonable nor arbitrary within the rule that a classification must rest upon some difference indicating "a reasonable and just relation to the act in respect of which the classification is proposed." The legislature naturally directed its enactment against insurance companies or corporations which before or at the time of trial were found to be members of an insurance tariff association that fixed rates. No principle of classification required it to include insurance associations that were free to act, in

the matter of rates, upon the merits of each application for . insurance, unaffected by any agreement or arrangement with other companies. All insurance companies, persons, or corporations engaged in the business of insurance as agent or otherwise with associations, persons or corporations which acted together in fixing rates are placed by the statute upon an equality in every respect, and, therefore, it cannot rightfully be contended that the plaintiff in error is denied the equal protection of the laws. Whatever "liberty of contract" they had must have been exercised in subordination to any valid regulations the State prescribed for the conduct of their business. Statutes that apply equally to all of the same class and under like conditions cannot he held to deny the equal protection of the laws; for, as this court has adjudged, "the equal protection of the laws is a pledge of the protection of equal laws" to all under like circumstances. *Yick Wo* v. *Hopkins*, 118 U. S. 356, 367; *Barbier* v. *Connolly*, 113 U. S. 27; *Soon Hing* v. *Crowley*, 113 U. S. 703.

One of the assignments of error for this court, the ninth, is that the Circuit Court erred in sustaining the plaintiff's demurrer to the plea numbered two, in which reference was made to the above provisions, alleged to be embodied in the policy and which make it the duty of the assured at stated times to take an inventory of stock on hand and keep a set of books to be securely locked in a fireproof safe at night. To that plea the plaintiff demurred upon these separate grounds: 1. It did not appear that the plaintiff was bound by the provision of the policy referred to in the plea. 2. The property insured was of such a character that the policy set up in the plea was not applicable thereto. 3. It did not appear that the property insured was of such a character that the provision of the policy, as set up in the plea, was applicable thereto. 4. It was not made to appear by the plea that there was any purchase, sales and shipment or other business transacted from the time the

policy was issued until the time of the loss which affected or related to the property insured. The demurrer was sustained, but no exception appears to have been taken to this action of the court. The defendant did not stand upon his plea, and went to trial upon the merits of the case, without objection, and introduced evidence upon other issues in the case, but at the trial no evidence was offered or introduced on either side relating to the matters set out in the second plea. Under these circumstances, we are not required to consider the questions raised by that plea. On this record we may fairly assume that the defendant, at the trial, waived or abandoned the issues raised by the plea. *Garrard* v. *Lessee of Reynolds*, 4 How. 123, 126; *Weed* v. *Crane*, 154 U. S. 570. Restricting this decision to the points herein before discussed the judgment must be affirmed.

*Judgment affirmed.*