# ANGEL FIDALGO

*v.*

# FERMIN ECHANDI.

San Juan, Law, No. 921.

ATTORNEY'S FEE UNDER LOCAL STATUTE.

Attorney's Fees—Federal Practice.

1. The law of Porto Rico as to libel and slander provides that the judgment shall include attorney's fee from plaintiff or defendant, as the case may be, but this regulation cannot be enforced in the Federal court, because the Revised Statutes of the United States, § 823, U. S. Comp. Stat. 1901, p. 632, provides the only rule for compensation to attorneys and others.

Attorney's Fees—Local Statute.

2. This principle has nothing to do with appeals from local courts, in the enforcement of local laws. It relates only to suits begun in Federal courts.

Attorney's Fees—Federal Laws.

3. The principle is different also where the attorney's fee is expressly allowed by Federal statute.

Attorney's Fees—Contract.

4. The principle is different where an attorney's fee is distinctly made a part of a contract, as in mortgages.

Federal Practice—Local Statute.

5. Local statutes are applied in the Federal courts under the Revised Statutes, § 721, U. S. Comp. Stat. 1901, p. 581, whether it refers to tort or contract; but this does not apply where the local statute is repugnant to any express law of the United States, such as § 823 of the United States Revised Statute.

6. Barbosa v. Bird, 1 Porto Rico Fed. Rep. p. 79; Manes v. Istel, 4 Porto Rico Fed. Rep. p. 532, followed.

Opinion filed May 21, 1913.

Fidalgo v. Echandi.

*Messrs. O. M. Wood* and *Joseph Anderson, Jr.,* for plaintiff.

*Mr. J. Henri Brown* for defendant.

HAMILTON, Judge, delivered the following opinion:

This comes up on a motion of plaintiff, who was successful in the suit seeking damages for slander, for the court to assess an attorney's fee under § 573 of the Revised Statutes of Porto Rico, being § 7 of an act approved February 19, 1902, authorizing civil actions to recover damages for libel and slander. The section reads as follows:

"If there be a judgment in favor of the plaintiff, the judgment shall include costs and a reasonable attorney's fee, to be assessed by the court. If there be a judgment in favor of the defendant, and if the court finds that the action was commenced by the plaintiff without justifiable cause, the judgment shall include, besides costs, an attorney's fee which shall be assessed by the court, and shall not exceed one hundred and fifty ($150) dollars."

The same question came up before this court the year after the statute was enacted, in the case of Barbosa v. Bird, 1 Porto Rico Fed. Rep. 79, where the suit was for damages for libel, and under this same statute. It was there decided by Judge Holt that the local statute as to attorneys' fees did not apply in the Federal court, and this decision was reaffirmed in 1909 by Judge Rodey, in the case of Manes v. Istel, 4 Porto Rico Fed. Rep. 532. Unless these decisions can be shown to have been radically wrong, or repugnant to some subsequent decision of the Supreme Court, they will not be departed from. The coun-

Fidalgo v. Echandi.

sel now seeking relief by this motion was also counsel for the successful party in the case of Manes v. Istel.

The basis of these decisions is that § 823 of the Revised Statutes of the United States, U. S. Comp. Stat. 1901, p. 632 defined what attorneys' fees can be recovered in the Federal Courts. That section reads as follows:

"The following and no other compensation shall be taxed and allowed to attorneys, solicitors, and proctors in the courts of the United States," etc.

The argument of the two cases cited is that, inasmuch as the Federal statute says that certain defined fees shall be recovered, and no other, except as agreed between attorney and client, no other can be recovered in this court. It will be observed that this § 823 does not name such fee as part of the costs, but as an attorneys' fee. The Baltimore, 8 Wall. 377, 19 L. ed. 463.

A number of cases are cited to show that the provision of § 573 of the Revised Statutes of Porto Rico is not unconstitutional. Of course this means not against the Constitution of the United States, for Porto Rico, as such, has not a local constitution beyond what is implied in the extension of some provisions of the United States Constitution to it. This comes up in several forms. For instance, there are a number of cases passing upon the validity of state statutes prescribing attorneys' fees as recoverable in certain contingencies, and these have been brought up by appeals from the supreme court of the particular state to the Supreme Court of the United States. These provisions have quite generally been regarded as within the reserved powers of the states. They would hardly be applicable to Porto Rico as not being a state, and, besides, are appeals

from state proceedings, in which it might be perfectly lawful to collect attorneys' fees under a state statute. The only point for the Federal court to decide in such case would be whether the state statute conflicts with the equality clause of the 14th Amendment. The case at bar evidently is not analogous, for the question here is not what could be collected in the local court, but what can be collected in the Federal court. Atchison, T. & S. F. R. Co. v. Matthews, 174 U. S. 96, 43 L. ed. 909, 19 Sup. Ct. Rep. 609.

Another class of cases which have come up to the Supreme Court, sometimes from the Federal circuit courts, relates to terms upon which foreign corporations are allowed to do business within a particular state. The rule is recognized that a state has a right to prescribe such conditions as it sees proper for the admission of foreign corporations. Such cases, of course, do not apply to the case at bar. Fidelity Mut. Life Asso. v. Mettler, 185 U. S. 308, 46 L. ed. 922, 22 Sup. Ct. Rep. 662; German Alliance Ins. Co. v. Hale, 219 U. S. 307, 55 L. ed. 229, 31 Sup. Ct. Rep. 246.

There are cases in which an attorney's fee has been allowed under Federal statutes, such as the act to regulate commerce, of February 4, 1887. These, however, are merely exceptions prescribed by Federal legislation, and the general rule fixed by Federal legislation, in § 833 of the Revised Statutes of the United States, U. S. Comp. Stat. 1901, p. 642. Of course there can be no question that the United States can vary their own statutes by subsequent statutes.

There are yet other cases arising upon the provision in mortgages and notes, allowing attorneys' fees in case of dishonor, and in cases of nonpayment of the obligation at maturity. The

Fidalgo v. Echandi.

Supreme Court of the United States has held that this is merely a question under the local decisions whether the provision makes the obligation usurious or not, and that Federal courts will follow the local decisions on the subject. Fowler v. Equitable Trust Co. 141 U. S. 411, 35 L. ed. 794, 12 Sup. Ct. Rep. 8. Such a case, moreover, is merely one of contract between the parties. They may agree to any conditions they please, which are not offensive to the local law. The case at bar, however, is not one of contract in any form.

It is unquestionably true that, "wherever the subject is regulated by statute, of course the statute is applied by the Federal courts pursuant to Revised Statutes, § 721, U. S. Comp. Stat. 1901, p. 581, as a law of the state," and this will be true in tort as well as in contract. Northern P. R. Co. v. Hambly, 154 U. S. 349, 360, 38 L. ed. 1009, 1013, 14 Sup. Ct. Rep. 983. But this application of local statutes is limited not by the provision in the organic act of Porto Rico, §. 14, that they must be locally applicable, but by the rule in the United States that the local statute must not be repugnant to any express statute of the United States. The Porto Rico decisions above cited hold that this provision of the libel and slander act is in conflict with § 823 of the Revised Statutes of the United States, U. S. Comp. Stat. 1901, p. 632, and the reasoning seems to be sound.

Upon the whole, therefore, there seems to be no reason for disturbing the decision of this court in Barbosa v. Bird, and it will be adhered to. The result is that no attorney's fee can be recovered in this court under the libel and slander act of Porto Rico, and the motion is accordingly denied.