[Guiler v. United States C. I. P. & F. Co.]

# Guiler *v.* United States C. I. P. & F. Co.

### Injury to Servant.

(Decided June 1, 1916.   Rehearing denied June 30, 1916.

1. **Master and Servant; Injury to Servant; Complaint.**—A complaint under the common law alleging that the injury sustained by plaintiff was the proximate result of the act of a fellow servant while in the discharge of his duty connected with his employment, which he was incompetent to perform, and which incompetency was known to the master, was sufficient as against the demurrer interposed.

2. **Same.**—Under the provisions of § 5340, Code 1907, in an action for perrsonal injury caused by a fellow servant, a defect in the complaint in failing to allege that plaintiff was rightfully where he was when injured, could not be taken advantage of on demurrer which did not point out the defects.

3. **Appeal and Error; Review; Non Suit.**—Where four demurrers to the complaint were sustained, and the fifth ground sustained, which caused plaintiff to take a non suit, a review of the action of the trial court is authorized under § 3017, Code 1907, although the non suit is not taken until after the trial court declined to let plaintiff further amend his complaint.

APPEAL from Birmingham City Court.

Heard before Hon. A. H. ALSTON.

Action by W. A. Guiler against United States Cast Iron Pipe & Foundry Company for damages for personal injuries.   Judgment for defendant, and plaintiff appeals.   Reversed and remanded.

Plaintiff stated his case in his original complaint, claiming $5,000 as damages, for that defendant was engaged in the operation of a manufacturing plant at North Birmingham, Ala., for the manufacture of pipe and other products and at said time and place had in its employ one Washington, whose name was otherwise unknown to plaintiff, as a laborer, and plaintiff was also in the employment of defendant as a foreman but said Washington was not working under the superintendence of plaintiff.   Plaintiff avers that while said Washington was engaged in the line and scope of his employment in screening some sand, he threw a heavy clamp or piece of iron over and against the head of plaintiff, striking him thereon with force and violence (here follows damages inflicted).   And plaintiff avers that said Washington was incompetent to perform said labors by reason of being about

or almost blind, and that said injuries to plaintiff were caused proximately by reason of said incompetency; and plaintiff avers that at and before the time of his said injuries, defendant was informed of said incompetency of said Washington, and with such information it negligently retained and employed said Washington in said position. The judgment entry recites that demurrers were sustained four times and finally it was ordered and adjudged by the court that said demurrers be, and were hereby, sustained. The plaintiff for the fifth time offered to amend the complaint, and the court declines to allow plaintiff to so amend unless he can allege some new matter, to which ruling of the court plaintiff excepts. Plaintiff moves the court now to enter a nonsuit in said court; wherefore it is ordered and adjudged by the court that a nonsuit be, and it is hereby, entered in this cause, etc.

McArthur & Howard, for appellant. Estes, Jones & Welsh, for appellee.

ANDERSON, C. J.— (1, 2) The original complaint, consisting of count 1, proceeded under the common law and was not subject to the grounds of demurrer interposed to same, and which the trial court erred in sustaining. The complaint charged that the injury sustained by the plaintiff was the proximate result of the act of a fellow workman while in the discharge of a duty connected with his employment, and which said duty he was incompetent to perform, and that his said incompetency was known to the defendant.—*First Nat. Bank v. Chandler*, 144 Ala. 286, 39 South. 822, 113 Am. St. Rep. 39. It may be that the complaint should aver that the plaintiff was rightfully where he was when injured, that is, in the discharge of his duty or at a place in defendant's plant where he had a right to be when injured, but this defect was not pointed out by any of the demurrers to this count.—Section 5340, Code 1907. As each of the amended counts was added to meet the adverse rulings of the trial court, and as the original complaint was not subject to the demurrer interposed to same, it is needless to consider the demurrers to said amended counts.

(3) We think that the judgment entry sufficiently shows that the adverse rulings on the pleading caused the plaintiff to take a nonsuit and to authorize a review of the action of the

[Guiler v. United States C. I. P. & F. Co.]

trial court thereupon under section 3017 of the Code. It is true the nonsuit was not taken until after the trial court declined to let the plaintiff further amend his complaint, and it may be that the action in declining to allow the last amendment should be presented by a bill of exceptions, but there would have been no occasion to amend had the trial court not improperly sustained the demurrer to the complaint, but the ruling of the court in sustaining the demurrer was the cause of the nonsuit. This holding is not in conflict with the case of *Engle v. Patterson,* 167 Ala. 117, 52 South. 397, as followed and explained in the case of *Berlin Mach. Wks. v. Ewart L. Co.,* 184 Ala. 272, 63 South. 567. In the *Engle Case, supra,* after the ruling upon the pleading, the trial was proceeded with and an adverse ruling upon the evidence caused the nonsuit, and we held that, as the parties had gotten beyond the pleading and did not take a nonsuit until there was an adverse ruling upon the evidence, the ruling upon the pleading did not cause the nonsuit. Here we have no such conditions as was presented in the *Engle Case, supra.*

We think that the appellant's brief is sufficient to warrant a consideration of the rulings assigned as error, and complies with the spirit, if not the letter, of the rule. It does not state the facts or history of the case, but there were no facts to state, and but one legal proposition to discuss, which we think is so presented and argued as to inform the court and counsel for appellee as to what the legal proposition is and the argument and authorities in support of same.

The judgment of the city court is reversed, and the cause is remanded.

Reversed and remanded.

MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur.