155 So.2d 497

Harry H. SMITH

v.

Edward J. FLYNN.

Frank M. LADD, Jr.

v.

Edward J. FLYNN.

1 Div. 28, 29.

Supreme Court of Alabama.

June 20, 1963.

Harry H. Smith and Robt. T. Cunningham, Mobile, for appellants.

Hand, Arendall, Bedsole, Greaves & Johnston, Mobile, and Cabaniss & Johnston, Birmingham, for appellee.

HARWOOD, Justice.

This is an appeal from rulings by the lower court sustaining the defendant's demurrer to plaintiff's complaint, and granting the defendant's motion to stay the taking of pre-trial discovery depositions. Following such rulings, the plaintiff took a nonsuit with leave to appeal.

The basis of the proceedings below was the refusal of the defendant to permit the plaintiff, a stockholder, to examine the corporate records of the Alabama Dry Dock and Shipbuilding Company, Inc.

Hereinafter, for convenience, the appellant, who was plaintiff below, will be referred to as the plaintiff, the appellee as the defendant, and the Alabama Dry Dock and Shipbuilding Company, Inc., as the company.

The complaint below, as amended, was in two counts.

Count one claimed $23,740 as a penalty provided by Act No. 414, approved 13 November 1959, (See 1959 Acts of Alabama, Reg. Sess. p. 1073) and now appearing in Sec. 21(46) Tit. 10, Code of Alabama 1940 (pocket part).

The count averred that the plaintiff was the owner of 2,279 shares of common stock, and 95 shares of preferred stock in the company, of a value of $237,400, and that he has owned such stock for twenty years.

That on 23 September 1960, the plaintiff made a written demand on the company, through its secretary, J. R. Maumenee, on behalf of himself and Frank M. Ladd, Jr., a substantial stockholder in said company for many years, for the right to examine the corporate books and records of account, minutes, and record of stockholders, and to make extracts therefrom, and that one of the items specifically referred to in the let-

ter was the expense account of the defendant. In the letter it was stated that the purpose of the examination was to determine if funds of the company had been misappropriated.

It was further averred that the letter demanding the right to examine the company records was presented to the Board of Directors of the company at a regular meeting, and the Board passed a resolution approving plaintiff's request. The defendant, as President of the company and as a director, was present at the meeting.

On 27 September 1960, the company, through its secretary, Mr. Maumenee, advised the plaintiff that the records would be made available to him and Mr. Ladd on 3 October 1960 at 9 A.M. The plaintiff and Mr. Ladd appeared at the time specified to examine the records.

Mr. Maumenee advised the plaintiff and Mr. Ladd that defendant's expense account for the fiscal year ending 30 June 1960, amounted to $17,817.30, of which $9,557.51, was for cash items, and $8,259.78, was for charge items, and further informed them that if further information or records were wanted they would have to see the defendant. They then made demand on the defendant for the right to see all of the records relating to the defendant's expense account.

The count further avers that although the company had receipts from the defendant totalling $9,557.51, for cash he had withdrawn from the company and further had bills totalling $8,259.78, representing items the defendant had charged to the company as expense, the defendant refused to allow the plaintiff and Ladd to see any of the corporate records, and as a result it was necessary for him and Mr. Ladd to obtain the records under a writ of mandamus.

Count one was obviously framed under the provisions of Act No. 414, supra, which in pertinent parts, reads:

"Any person who shall have been a stockholder of record for at least six months immediately preceding his demand or who shall be the holder of record of at least five per cent of all the outstanding shares of a corporation, upon written demand stating the purpose thereof, shall have the right to examine, in person, or by agent or attorney, at any reasonable time or times, for any proper purpose, its books and records of account, minutes, and record of stockholders and to make extracts therefrom.

"Any officer or agent who, or a corporation which, without reasonable cause, shall refuse to allow any such stockholder, or his agent or attorney, so to examine and make extracts from its books and records of account, minutes, and record of stockholders for any proper purpose, shall be liable to such stockholder in a penalty of ten per cent of the value of the shares owned by such stockholder, in addition to any other damages or remedy afforded him by law."

Count 2, as amended, claims $50,000 as damages because of defendant's refusal to permit the plaintiff to inspect the records of the company.

The averments of Count 2 are in many respects the same as those in Count 1, except that Count 2 fails to aver the defendant's association or connection with the company.

In addition to the general claim of $50,000 as damages, Count 2 asserts:

"Plaintiff alleges that as a result of the illegal refusal of said Edward J. Flynn to allow him to examine the corporation's records pertaining to the expense account of said Edward J. Flynn, he has been greatly damaged."

## Count 1

In their argument supporting the ruling of the lower court sustaining the demurrer to the complaint, counsel for appellees state:

"Count One therefore is defective in its failure to allege a proper purpose for the demand, in failing to allege any refusal of such nature as to entitle the plaintiff to the penalty under the statute, in failing to allege that the refusal was without reasonable cause, in failing to show that the records demanded were actually corporate records to which the plaintiff was entitled, and for the other reasons taken by the demurrers."

Count 1 sets forth that the appellant had made a written demand to see the company records for the purpose of determining if funds of the company had been misappropriated; that the demand was presented to the Board of Directors at a regular meeting at which the appellee was present as president of the company, and the Board of Directors passed a resolution approving appellant's request.

In Sawers v. American Phenolic Corp., 404 Ill. 440, 89 N.E.2d 374, 15 A.L.R.2d 1, the Illinois court considering an Illinois statute highly similar to our Act No. 414, stated:

"The proper purpose required by the statute, then, is one wherein a stockholder seeks information bearing upon the protection of his interest and that of other stockholders in the corporation. He must be seeking something more than a satisfaction of his curiosity and not be conducting a general fishing expedition."

The averments in the present complaint disclose that the demand was for a proper purpose, i. e., to determine if funds of the corporation had been misappropriated.

Section 34, Title 10, Code of Alabama 1940, provides:

"The stockholders of all such corporations have the right of access to, and of inspection and examination, in person or by agent, of the books, records, and papers of the corporation at reasonable and proper times."

In Foster v. White, 86 Ala. 467, 6 So. 88, this court in considering Section 1677 of the Code of 1886, said section being the progenitor of Section 34, supra, wrote:

"The statute was enacted in view of the restrictions and limitations placed by the common law upon the exercise of the right; and the purpose is to protect small and minority stockholders against the power of the majority, and against the mismanagement and faithlessness of agents and officers, by furnishing mode and opportunity to ascertain, establish and maintain their rights, and to intelligently perform their corporate duties. Its terms are clear and comprehensive, and afford narrow room for construction. It was intended to enlarge and dis-embarrass the exercise of the right, rendering it consistent and coextensive with the stockholder's right, as a common owner of the property, books and papers of the corporation, and with the duties and obligations of the managing officers, as agents and trustees. The only express limitation is, that the right shall be exercised *at reasonable and proper times;* the implied limitation is, that it shall not be exercised from idle curiosity, or for improper or unlawful purposes. In all other respects, the statutory right is absolute. The shareholder is not required to show any reason or occasion rendering an examination opportune and proper, or a definite or legitimate purpose. The custodian of the books and papers can not question or inquire into his motives and purposes. If he has reason to believe that they are improper or illegitimate, and refuses the inspection on this ground, he assumes the burden to prove them such."

To the same effect are pronouncements in Birmingham News v. State ex rel. Dunston, 207 Ala. 440, 93 So. 25; Burns v. Drennen, 220 Ala. 404, 125 So. 667; Loveman v. Tutwiler Inv. Co., 240 Ala. 424, 199 So. 854; Alabama Gas Corp. v. Morrow, 265 Ala. 604, 93 So.2d 515.

Both Sections 34 and Act No. 414, supra, alike give a stockholder the right to examine corporate records, though under Act No. 414 (the penalty act) the demand must be in writing and state a proper purpose. Act No. 414 also provides that any officer of a corporation, who without reasonable cause refuses a stockholder such examination for a proper purpose, shall be liable to the stockholder in a penalty of ten percent of the value of the stock owned by the stockholder. We cannot see that these additional provisions in Act No. 414 should make inapplicable the doctrine of our cases pertaining to Sec. 34, supra, to the effect that officers refusing the examination right to a stockholder have the burden of establishing that the demand for examination was for some improper or unlawful purpose, or out of mere curiosity. The analogy of such doctrine and its applicability to the penalty act is clear. This being so, Count 1 was not deficient in failing to allege that the defendant's refusal to permit appellant's examination of the company's records was without reasonable cause.

It is clear that the count does state that the appellant demanded to see the corporate records, this being averred several times in Count 1.

In their brief counsel for appellee assert that Count 1 is "basically defective in failing to show any actual duty to disclose any records to the appellants." Having averred that appellant was a stockholder, that he had made written demand to examine the corporate records and was informed by the secretary of the time and place of such examination, and further averring defendant's refusal to permit such examination, the count fully avers a duty owed by the appellee under the provisions of Sec. 34, supra, and of Act No. 414.

Counsel further argues that Count 1 shows that the corporate records were actually obtained by the appellant. In this connection, the appellant's cause of action, if valid, originated at the time the appellee refused to permit him to examine the corporate records. While Count 1 avers that it was necessary for him to invoke mandamus proceedings to obtain the records, this fact cannot be deemed to destroy the appellee's rights acquired at the time he was refused inspection of the company's books.

Counsel also argue that Act No. 414 is invalid in that the terms "proper purpose," for the examination, and an officer's refusal of such examination "without reasonable cause," are too general to afford any standards for conduct by a corporate official.

We do not agree. The word "proper" is of definite legal significance. In the Federal Constitution, Congress is given power "to make all Laws which [are] necessary and proper" to carry into execution certain powers given it. The word "proper" has been defined in numerous judicial decisions to mean "true" or "correct" (Cook v. Dunbar, 66 R.I. 266, 18 A.2d 658), or consistent with propriety, appropriate, or suited to, (State v. Louisville & N. R. Co., 177 Ind. 553, 96 N.E. 340). "Proper" is synonymous with "reasonable" or "prudent," (Bumpus v. Drinkard's Adm'x, (Ky) 279 S.W.2d 4). The Virginia court has said that "proper" as used in a statute means "appropriate" or "suitable." Voight. v. Reber, 187 Va. 157, 46 S.E.2d 15.

"Reasonable cause" likewise is well understood and not of uncommon use. As used in the Internal Revenue Code "reasonable cause" for failure to file a tax return so as to relieve the taxpayer from liability for penalties has been defined to mean "the exercise of ordinary business care and prudence." Sanders v. C. I. R. (C.A.A.Okl.) 225 F.2d 629; Ragsdale v. Paschal (D.C.Ark.) 118 F.Supp. 280.

Clearly a stockholder, as part owner, should have the right to inspect a company's records. Just what are the records of a corporation should present no problem. No such uncertainty exists in Act No. 414 as to

make compliance therewith an unreasonable burden.

Counsel for appellees further argue that the penalty prescribed by Act No. 414 is so severe and oppressive as to be wholly disproportioned to the offense, and is so unreasonable and arbitrary as to constitute a taking of property without due process of law, and further, even if the penalty appears reasonable as an academic proposition, its application to the present facts would be so oppressive as to render its application unconstitutional.

Throughout our legal history a penalty of ten percent of the amount of the judgment recovered in the lower court has been assessed upon the affirmance of the judgment on appeal. See Sec. 814, Tit. 7, Code of Alabama 1940, and cases cited thereunder.

In German Alliance Ins. Co. v. Hale, 219 U.S. 307, 31 S.Ct. 246, 55 L.Ed. 229, the United States Supreme Court upheld as constitutional an Alabama statute (Sec. 2619, 2620, Code of Alabama 1896; as amended, Sec. 4954, 4955, Code of Alabama 1907) providing that any insurance company which was a party to any rate fixing organization should pay to the assured or beneficiary under the policy in addition to actual damages, a penalty of twenty-five percent of the amount of the damages.

Penalties for non-payment of taxes are of course common, and need no citations.

As stated in St. Louis, Iron Mount and Southern Ry. Co. v. Williams, 251 U.S. 63, 40 S.Ct. 71, 64 L.Ed. 139:

" '[T]he power of the State to impose fines and penalties for a violation of its statutory requirements is coeval with government; and the mode in which they shall be enforced, whether at the suit of a private party, or at the suit of the public, and what disposition shall be made of the amounts collected, are merely matters of legislative discretion.'

"Nor does giving the penalty to the aggrieved passenger require that it be confined or proportioned to his loss or damages; for, as it is imposed as a punishment for the violation of a public law, the legislature may adjust its amount to the public wrong rather than the private injury, just as if it were going to the State."

Act No. 414, passed in 1959, is largely based on the Model Business Corporation Act promulgated by the National Conference of Commissioners on Uniform State Laws. See Uniform Laws Anno., Vol. 9, p. 118.

Section 35(IV) of the Model Act is to all intents the same as our Section 34, supra. However, the penalty provisions contained in our 1959 Act are absent from the Model Act.

However, in Babcock v. Harrsch, 310 Ill. 413, 141 N.E. 701, an action was brought by a stockholder to recover a statutory penalty under Section 38 of the Illinois General Act (Smith-Hurd Rev.St., 1923, c. 32). Section 38 was in the following language:

"Each stockholder of a corporation shall have the right, at all reasonable times, by himself or by his attorney, to examine the records and books of account. Any officer or director who denies such access shall be liable to the stockholder denied in a penalty of ten per centum of the value of stock owned by such stockholder, in addition to any other compensation or remedy afforded him by law, if any, which shall be recoverable in any court of competent jurisdiction."

The Illinois court held that the statute was not violative of the due process clause of the Illinois Constitution.

In 1933, the Illinois Corporation Act was amended by adding thereto Section 45, which is in almost identical language to the language of our Act No. 414. In Sawers v. American Phenolic Corp., supra, the appeal was from a judgment awarding the statu-

tory penalty of ten percent to a stockholder who had been refused an examination of a corporation's books. While reversing the judgment on other grounds, the Illinois court observed: "We do not agree with the argument that Section 45 of the Act is unconstitutional."

■■ Since our Act is virtually a verbatim copy of the Illinois Act of 1933, our legislature is presumed to have adopted it as construed in the state of origin of the act. Ex parte Rice, 265 Ala. 454, 92 So.2d 16.

■ Nor do we think that our Act No. 414 is invalid as applied to the facts averred in Count 1.

As pointed out in Missouri Pacific R. R. Co. v. Tucker, 230 U.S. 340, 33 S.Ct. 961, 57 L.Ed. 1507:

"The distinction is obvious between a case where the validity of the act depends upon the existence of the fact which can be determined only after investigation of a very complicated and technical character, and the ordinary case of the statute upon a subject requiring no such investigation, and over which the jurisdiction of the legislature is complete in any event."

To permit a stockholder his legal right to examine the records of a corporation of which he is part owner, involves no complicated determination. If his purpose is improper, the company officials can refuse such examination, for reasonable cause. The burden is upon the corporate officers, upon written demand of the stockholder, to show that the demand for inspection was improper, or that they had reasonable cause for such refusal.

### Count Two

■ Appellee argues that Count 2 is defective in omitting to aver any connection between the company and Edward J. Flynn, the defendant, and for aught that appears the defendant was a stranger to any duty which the company or any of its officers may have owed the plaintiff.

The count is defective in this regard, that is, in failing to allege the defendant's relation to the company. This was, however, a defect easily amendable.

■ Appellee contends that grounds 1 and 3 of his demurrer go to this defect.

Ground 1 sets forth that, "Said count does not state facts sufficient to constitute a cause of action against this defendant."

Ground 3 is as follows: "It does not appear from the count with sufficient certainty what duty, if any, the defendant owed the plaintiff.

. Both of the above grounds are general only. United States Health & Acc. Ins. Co. v. Goin, 197 Ala. 584, 73 So. 117; Bright et al. v. Wynn et al., 210 Ala. 194, 97 So. 689, Guiler v. United States Cast Iron Pipe, etc., Co., 197 Ala. 233, 72 So. 498.

The above grounds of demurrer specified no matter of substance as a defect in the complaint, and the demurrer should not have been sustained on the basis of these grounds, that is, grounds 1 and 2. Herrington v. Hudson, 262 Ala. 510, 80 So.2d 519.

Section 236, Title 7, Code of Alabama 1940, specifically provides: "No demurrer in pleading can be allowed except as to matters of substance, which the party demurring specifies; and no objection can be taken or allowed which is not distinctly stated in the demurrer."

■ This statute not only abolishes general demurrers, but expressly prohibits the allowance of any objection not specifically stated in the demurrer. The statute is to prevent surprises and protects parties from the consequences of errors in pleadings not challenged until the time for amendment has passed. Henley v. Bush, 33 Ala. 636; Sanders v. Gernert Bros. Lumber Co., 221 Ala. 469, 129 So. 46; Alabama Power Co. v. Curry, 228 Ala. 444, 153 So. 634.

Appellee next argues that Count 2 is defective in failing to aver the nature of

any damages plaintiff suffered, and in failing to aver that damages suffered by the plaintiff were the proximate result of any breach of duty on the part of the defendant.

In addition to the standard ad damnum clause, Count 2 further alleges:

"Plaintiff alleges that as a result of the illegal refusal of the said Edward J. Flynn to allow him to examine the corporation's records pertaining to the expense account of the said Edward J. Flynn he has been greatly damaged."

We pretermit consideration of whether the claim for attorney's fees growing out of the mandamus proceeding are recoverable.

Section 34, supra, gives to a stockholder the right of access to corporate records at all reasonable and proper times. The count avers that the plaintiff had been informed as to when he could see the company's records by the secretary. He had an absolute right to see the records at this time.

McCormick in his book on damages states:

"Many legal rights are rights that the person owing the duty *shall refrain from inflicting actual loss or detriment* (physical, pecuniary, or otherwise) by certain kinds of conduct. Obviously, if the conduct occurs but detriment does not result, the right has not been violated. On the other hand, there is a large group of rights which are not thus conditioned, but are so-called 'absolute' rights that the person subject to the duty shall not act or refrain in a given manner at all events, regardless of whether loss or practical disadvantage results. In effect, this means that the courts will allow an adverse ruling against the party owing the duty, if he violates it, though he has caused no loss.

\* \* \* \* \* \*

"A better explanation is that what the law always requires as a basis for a judgment for damages is not loss or

damage, but 'injuria,' and that the breach of one of these 'absolute' or 'technical' rights is an 'injuria,' and hence damages are allowed, though there has been no loss or damage."

■ Ordinarily where a complaint charges a breach of duty owed to the plaintiff in such a manner that damages are presumed, it states a cause of action for nominal damages at least. Hinkle v. Railway Express Agency, 242 Ala. 374, 6 So.2d 417. See also Conner v. Hamlin, 33 Ala. App. 54, 29 So.2d 570; McDonald v. Amason, 39 Ala.App. 492, 104 So.2d 716.

■ In view of the above principles, it is our opinion that the lower court erred in sustaining the demurrer to both the counts of the complaint.

Appropriate assignments of error have presented as error the matters to which we have written above.

*Order Staying the Taking of Oral Depositions.*

On 7 September 1961, the defendant filed objections to the taking of depositions of the defendant and Mr. Maumenee, and moved that said depositions not be taken until further orders of the court. Some seven grounds were assigned in support of the motion.

Upon hearing and argument, the court granted the stay motion.

This ruling is made two of the grounds of plaintiff's motion for a non-suit, and is the basis of four of plaintiff's assignments of error.

These assignments are without merit.

■ Mandamus is the appropriate remedy to review a circuit judge's rulings granting or refusing a motion to require answers or fuller answers to interrogatories propounded by one party to another under Title 7, Section 477 et seq., Code of Alabama 1940. Ex parte Markle, 264 Ala. 376, 88 So.2d 363, and cases cited therein.

Section 819, Title 7, Code of Alabama 1940, provides that the plaintiff may suffer a non-suit from any ruling upon the pleadings, or the admission or rejection of evidence, or upon charges to the jury. This section is the only source of the right to appeal from a non-suit voluntarily taken.

The order staying the taking of the depositions was not a ruling upon the admission or rejection of evidence. Nor was it a ruling upon the pleadings, or any charge. Corn Products Refining Co. v. Dreyfus Bros., 3 Ala.App. 529, 57 So. 517.

In this aspect therefore, that is, the attempted appeal from the lower court's order staying the taking of depositions, this appeal is dismissed.

Reversed and remanded in part; dismissed in part.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.