This is a workmen's compensation case.
The trial court, sitting without a jury, awarded plaintiff benefits for temporary total disability and ten percent permanent partial disability. The court additionally found that these recoverable amounts should be doubled pursuant to §25-5-8 (e), Code of Alabama (1975). The defendant appeals from the judgment. We affirm.
The defendant first contends that the evidence at trial was insufficient to support a finding of ten percent permanent partial disability. In a workmen's compensation case we do not review the weight or preponderance of the evidence but concern ourselves only with the existence of legal evidence to support the trial court's findings. Fairfax Manufacturing Co. v. Bragg,342 So.2d 17 (Ala.Civ.App. 1977); Defense Ordinance Corp. v.England, 52 Ala. App. 565, 295 So.2d 419 (1974). The evidence relevant to our determination of this issue reveals the following:
Plaintiff suffered a broken left femur (large upper leg bone) when a forklift he was riding overturned. Surgery was required. A heavy metal plate, some eight to ten inches in length was attached to the broken bone by eight metal screws around the fracture site. The plaintiff suffered severe pain in and around the area where the plate was installed. He was referred to several doctors in an attempt to determine the cause of and to arrest the severe pain. The plate was removed after eight months; the plaintiff stayed on crutches for about ten months; and the visits to these doctors continued for some fourteen months. The testimony of two of the doctors was received in evidence. One physician, Dr. Palmer, testified that plaintiff still had a disability upon discharge from his care although it was "very small." Another, Dr. Rose, testified as to his final examination, some fourteen months after the injury, in the following exchange:
 Q: Okay could you give us a percentage if any of bodily injury or impairment on that January 2, '79 visit?
 A: I have to sort of qualify anything I say because again there was little physical findings to base a percentage of disability on. Joe continued to have pain which he considered severe enough to keep him from doing his usual work. I don't think anyone who has seen Joe has doubted the fact he has pain although pain is a subjective kind of thing we all believe he does have pain. His pain is real and probably does interfere with his functioning. If I had to put a percentage I would say probably it would be much less than 10% maybe 5% or less mainly because I think there are probably a few things he *Page 1220 
might do that would aggravate his pain and I think he would have to exclude those jobs or that part of a job . . . that might exacerbate his pain, a lot of standing or something like that.
The plaintiff also testified, stating that the pain had persisted and that he still walked with a slight limp and was unable to perform the same type of activities as prior to the injury.
As can be seen from all the above which was presented at trial, there was more than sufficient legal evidence to support the findings of the trial court as to permanent partial disability. This court has previously held that the determination of the proper percentage of permanent partial disability rests with the trial court. Jones v. City ofHuntsville, 55 Ala. App. 439, 316 So.2d 689 (1975). The trial judge has the opportunity to observe the demeanor of the witnesses, including the injured claimant, in the courtroom. Expert medical opinion as to the extent and permanency of disability is not conclusive upon the judge. CarrollConstruction Co., Inc. v. Hutcheson, 347 So.2d 527
(Ala.Civ.App. 1977). We cannot say that the evidence here does not support the trial court's finding of ten percent permanent partial disability. No error exists in this regard.
The defendant next challenges the trial court's award of double compensation pursuant to § 25-5-8 (e). Defendant claims this section is unconstitutional and violative of Ala. Const. art. 1, §§ 6 and 10 and the due process clause of the fourteenth amendment to the United States Constitution.
Section 25-5-8 (e), as pertinent, provides the following:
 Any employer required to secure the payment of compensation under this section who fails to secure such compensation shall be liable for two times the amount of compensation which would have otherwise been payable for injury or death to an employee.
Defendant's primary contention is that such a double compensation penalty deprives him of his property in violation of due process. He fails to cite any authority. This provision has not been previously tested on due process grounds. However, many similar penalties imposed by our statutes have withstood due process attacks. 4A Ala.Dig., Constitutional Law, Key No. 303. In Smith v. Flynn, 275 Ala. 392, 155 So.2d 497 (1963), our supreme court upheld a statute which imposed a ten percent-of-value-of-stock penalty upon a corporate officer refusing inspection of corporate records to a shareholder against a similar attack. In German Alliance Insurance Co. v.Hale, 219 U.S. 307, 31 S.Ct. 246, 55 L.Ed. 229 (1911), the United States Supreme Court upheld an Alabama statute providing that any insurance company which was a member of a tariff association which fixes rates should pay to the insured a penalty of twenty-five percent of actual damages in addition to the actual damages. Penalties imposed for failure to comply with tax laws are common and have survived attacks on their constitutionality consistently. 18 Ala.Dig., Taxation, Key Nos. 37.19 and 836-840.
Each of these statutes is analogous to that here. The penalty was designed to promote compliance with our workmen's compensation law just as other penalties are designed to promote compliance with other laws. Compensation laws were enacted to make more certain the relief available to the employee who comes under its influence. Alabama By-Products Co.v. Landgraff, 32 Ala. App. 343, 27 So.2d 209 (1946). These laws are a form of regulation by the state. It is within the limits of permissible regulation, in aid of a system of compulsory compensation, to require the employer either to carry workmen's compensation insurance or to furnish satisfactory proof of his financial ability to pay compensation when due. Ward Gow v.Krinsky, 259 U.S. 503, 42 S.Ct. 529, 66 L.Ed. 1033 (1922). The penalty provided in § 25-5-8 (e) is permissible in that it promotes compliance with a valid legislative objective.
In determining the validity of any statute we presume the act to be valid *Page 1221 
unless we are convinced beyond a reasonable doubt that it is unconstitutional. City of Dothan v. Lucas, 47 Ala. App. 336,254 So.2d 341 (1971). The presumption applies here. The defendant has failed to show us wherein the invalidity lies. The penalty is constitutionally sound.
We should comment that the defendant failed to serve the attorney general with a copy of his brief as required by Rule 44, ARAP. For this reason we could have pretermitted the constitutional question from our consideration. We chose, however, to consider the defendant's argument rather than to delay final judgment on appeal. Neither party was prejudiced in this respect.
Plaintiff has submitted an error in the judgment below in his brief. He states that the amount of damages was computed improperly by the trial court. We are asked to correct the alleged error on this appeal. The proper way for the plaintiff to raise this issue was by cross-appeal. Rule 28, ARAP. The question of computation of damages is not properly before us on this appeal.
We find that the trial court committed no reversible error. The judgment is affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.