This is a workmen's compensation case.
Charley Vernon Falls, an employee of Warrior Drilling 
Engineering Company, injured his back while wrapping a metal chain around a drill pipe. Subsequently, he filed a complaint against his employer seeking workmen's compensation benefits and medical expenses. After a hearing the trial court found that Falls had injured his back while employed by Warrior, determined that he had a twenty percent permanent partial disability and awarded benefits commensurate with such finding. Falls appeals.
Plaintiff's contention here is that there is no evidence in the record to support the finding that he has a twenty percent permanent partial decrease in his earning capacity. He says the evidence would support a finding of eighty percent to one hundred percent permanent partial disability to earn.
It is well settled that the scope of review in workmen's compensation cases is limited to questions of law and examination of the evidence to determine if there is any legal evidence to support the trial court's findings. Farmers Gin Co.v. Rose, Ala.Civ.App., 374 So.2d 351 (1979). If there is any evidence to support the trial court's findings, this court must affirm. Haney v. Dunlop Tire Rubber Corp., Ala.Civ.App.,373 So.2d 334 (1979). Plaintiff's sole contention here is that there is no evidence to support the finding that he has a twenty *Page 855 
percent permanent partial decrease in earning capacity.
The evidence shows that the plaintiff is a twenty-eight year old male with a tenth grade education. Prior to being employed by Warrior he had engaged in a number of jobs, some of which were driving a truck, operating a front-end loader, pushing a wheelbarrow, and using a shovel and jackhammer.
At the time of his injury in November 1977, plaintiff was working on a drill rig for Warrior. After being injured plaintiff was treated by several doctors. The diagnosis was either a pinched nerve or a ruptured disc. Treatment was by traction and medication. No surgery has been performed on Falls.
The last physician seen by plaintiff prior to trial was Dr. Fernandez. He found that Falls was suffering from a "herniated lumbar disc, which had been irritating the nerve roots that compose the sciatic nerve." The doctor prescribed muscle relaxants and pain medication.
Plaintiff testified that he could not stand for very long without experiencing pain. Dr. Fernandez stated that heavy lifting, repeated stooping and bending would contribute to plaintiff's pain.
Dr. Fernandez said that plaintiff had a fifteen percent physical impairment to the body as a whole and that this rating would not change significantly in the foreseeable future. Dr. Fernandez also said that in arriving at this percentage of physical disability he did not consider plaintiff's age, education, job experience or training.
A purported vocational rehabilitation specialist testifying for plaintiff said that Falls would be qualified to perform only twenty percent of the jobs he would have been qualified to perform prior to his injury. On cross examination he conceded, however, that he was not aware that Dr. Fernandez had released Falls for work when he evaluated Falls's job prospects.
A circuit court is not bound by expert opinion testimony regarding the extent and permanency of a workmen's compensation claimant's disability in determining the percentage of permanent partial loss of ability to earn which the claimant has sustained by virtue of a disabling injury. Hester v.Ridings, Ala.Civ.App., 388 So.2d 1218 (1980); City ofEnterprise v. Herring, Ala.Civ.App., 372 So.2d 358 (1979);Carroll Construction Co. v. Hutcheson, Ala.Civ.App.,347 So.2d 527 (1977). On the contrary, "the determination of the proper percentage of permanent partial disability rests with the trial court." Hester v. Ridings, supra. In Hill v. J.P. Stevens Co., Ala.Civ.App., 360 So.2d 1035 (1978), we said:
 [T]his rule prevails where some testimony at trial indicates that the percentage of disability may be greater than the percentage ultimately determined by the court while other testimony indicates that it may be less.
The evidence in the present case is in conflict. The plaintiff stated that he had difficulty stooping, bending and picking up heavy objects due to severe pain. The vocational rehabilitation specialist testified that Falls had a job disability of eighty percent but then said that if he had known plaintiff's doctor had released him for work, his estimation of Falls's job disability would have been less. On the other side was the testimony of Dr. Fernandez. He stated that Falls had a fifteen percent disability to the body as a whole. Falls was released for work with the admonition not to lift over twenty-five pounds.
The resolution of the conflict in the evidence was for the trial court, and we believe that its judgment is supported by some evidence. It is, therefore, affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur. *Page 856