Argued September 24, reversed December 13, 1976, reconsideration denied January 19, petition for review denied March 15, 1977

LEATON, *Respondent,*
*v.*
STATE ACCIDENT INSURANCE FUND,
*Appellant.*
(No. 76 0218, CA 6098)
556 P2d 1375

*Kevin L. Mannix,* Assistant Attorney General, Salem, argued the cause for appellant. On the brief were Lee Johnson, Attorney General, W. Michael Gillette, Solicitor General, and Janet A. Metcalf, Assistant Attorney General, Salem.

*Tom Hanlon,* Warrenton, argued the cause for respondent. With him on the brief were William A. Babcock and Babcock & Ackerman, Springfield, Evohl F. Malagon, Eugene, and A. C. Roll, Oceanside.

Before Schwab, Chief Judge, and Thornton and Lee, Judges.

THORNTON, J.

[ 669 ]

**THORNTON, J.**

The issue presented in this workmen's compensation appeal is whether claimant is entitled to benefits under a Workmen's Compensation Board-sponsored program of vocational rehabilitation pursuant to ORS 656.728.[1] The hearings referee ruled that claimant was entitled to the above described benefits. The Workmen's Compensation Board reversed the hearings referee. Thereafter the circuit court reversed the Board and reinstated the order of the referee. The State Accident Insurance Fund (SAIF) now appeals from the order of the circuit court.

The sequence of events is as follows: Claimant suffered a compensable injury in May 1974. Thereafter he was accepted by the Vocational Rehabilitation Division (VRD) for vocational training under its auspices. ORS 344.511 et seq. VRD is separate from the Board. The Board conducts its own rehabilitation program administered by the Disability Prevention Division (DPD) and operates in accordance with rules promulgated pursuant to ORS 656.728. Workmen's Compensation Board Administrative Order 6-1973 adopted Oregon Administrative Rules, ch 436, §§ 61-003 to 61-065. These are the rules by which DPD conducts its vocational rehabilitation program.

On August 27, 1974, VRD referred the claimant to the Board for consideration as a DPD enrollee. A

---

[1] ORS 656.728 provides:

"(1) The board may provide under uniform rules and regulations, for the vocational rehabilitation of men and women injured by accidents arising out of and in the course of their employment while working under protection of ORS 656.001 to 656.794.

"(2) The board may expend as much of the Rehabilitation Reserve as may be necessary to accomplish the vocational rehabilitation of men and women injured as described in subsection (1) of this section.

"(3) The board shall by rule provide for reimbursement to the direct responsibility employer or the State Accident Insurance Fund from the Rehabilitation Reserve any sums paid as temporary disability compensation after the date the workman is determined to be medically stationary until a program of rehabilitation has been terminated as provided by ORS 656.268."

workman accepted under the Board-authorized program (DPD) is entitled to temporary total disability payments during the course of the rehabilitation training. ORS 656.268(1).[2]

On September 17, 1974, while claimant's referral to DPD was under consideration, a medically stationary date of August 22, 1974, was established. SAIF was informed of the medically stationary date when it was sent a Board form 1255. The form also indicated the claim would remain open and time-loss benefits continued because

"[X] The worker has not completed or been terminated from his authorized course of vocational rehabilitation * * *."

A copy of the Board's form 1255 was sent to the claimant.

In actuality claimant had never been enrolled in a Board-authorized vocational rehabilitation program. His referral was still under consideration. The form box checked was incorrect.

On October 3, 1974, DPD determined that claimant was not vocationally handicapped within the meaning of OAR 436-61-005(4)[3] and was not eligible for vocational rehabilitation with DPD. On October 7, 1974, claimant was advised of the decision. On November 22, 1974, a determination order was issued.

---

[2] ORS 656.268(1) provides:

"One purpose of this chapter is to restore the injured workman as soon as possible and as near as possible to a condition of self support and maintenance as an able-bodied workman. Claims shall not be closed nor temporary disability compensation terminated until the workman's condition has become medically stationary and the workman has completed any authorized program of vocational rehabilitation that has been provided according to rules adopted pursuant to ORS 656.728, provided however, that temporary disability compensation shall be proportionately reduced by any sums earned during the vocational rehabilitation period."

[3] Oregon Administrative Rules, ch 436, § 61-005(4) provides:

" 'Vocationally handicapped worker' means a worker who has an occupational handicap caused by a compensable injury which prevents his returning to his regular employment and who has no other skills which would enable him readily to return to full-time employment."

On appeal from the determination order, the hearings referee held that "claimant is within the class of persons the legislature and the Workmen's Compensation Board had in mind when ORS 656.268 and WCB Administrative Order 6-1973 were made law" and that "claimant should have continued to receive temporary disability under Order 6-1973 and the WCB Form 1255, addressed to the State Accident Insurance Fund, which indicated a Determination Order could not be made."

The Board reversed, concluding that claimant was not vocationally handicapped within the meaning of OAR 436-61-005(4) and that, while claimant was misled by the Board's form 1255, the misapprehension did not form the basis for an estoppel. *See, Palm Gardens, Inc. v. OLCC,* 15 Or App 20, 514 P2d 888, Sup Ct *review denied* (1974). We agree with the Board's conclusions.

Claimant acquired an associate degree in business management from Lane Community College under a prior vocational rehabilitation program authorized by the Board. He has skills which would enable him readily to return to full-time employment. Claimant argues that he cannot obtain employment at a salary level similar to his previous employment as a laborer. Salary level is not, however, a necessary inquiry under OAR 436-61-005(4). All that is specifically required is a determination of whether the injured workman can readily return to full-time employment.

Reversed.