Argued March 28, reversed May 9, 1977

BRADY, *Respondent,*

*v.*

GENERAL ACCIDENT ASSURANCE COMPANY
et al, *Appellants.*

(No. 48365, CA 7352)

563 P2d 763

Ridgway K. Foley, Jr., Portland, argued the cause for appellants. With him on the brief were Souther, Spaulding, Kinsey, Williamson & Schwabe and Michael D. Hoffman, Portland.

Gregory Decker, Albany, argued the cause for respondent. On the brief were Emmons, Kyle, Kropp & Kryger and J. David Kryger, Albany.

[ 357 ]

Before Schwab, Chief Judge, and Lee and Johnson, Judges.

LEE, J.

**LEE, J.**

The single question presented in this workmen's compensation appeal is whether claimant is a "vocationally handicapped worker" as defined by Oregon Administrative Rules, ch 436, § 61-005(4) and thus entitled to benefits provided under a vocational rehabilitation program sponsored by the Workmen's Compensation Board pursuant to ORS 656.728.[1]

Claimant, approximately 29 years of age at the time, suffered a compensable low back injury on October 14, 1974 while working as a driver-salesman for the Pacific Coca-Cola Bottling Company. Conservative treatment has improved claimant's condition to the point that he now experiences only occasional low back discomfort which is aggravated by exertion involving lifting or bending. In January of 1975 claimant's treating physician concluded that claimant would, due to the permanent effects of his injury, be incapable of performing any job requiring frequent lifting or bending; consequently claimant has not returned to his former position with Pacific Coca-Cola. Claimant has not, in fact, attempted to become employed in any capacity since January of 1975 when he began a course of study in "waste water technology" as a full-time student at Linn-Benton Community College.

In May 1975 a determination order was entered

---

[1] ORS 656.728 provides:

"(1) The Board may provide under uniform rules and regulations, for the vocational rehabilitation of men and women injured by accidents arising out of and in the course of their employment while working under protection of ORS 656.001 to 656.794.

"(2) The board may expend as much of the Rehabilitation Reserve as may be necessary to accomplish the vocational rehabilitation of men and women injured as described in subsection (1) of this section.

"(3) The board shall by rule provide for reimbursement to the direct responsibility employer or the State Accident Insurance Fund from the Rehabilitation Reserve any sums paid as temporary disability compensation after the date the workman is determined to be medically stationary until a program of rehabilitation has been terminated as provided by ORS 656.268."

granting claimant an award of 32 degrees for a permanent partial unscheduled disability; claimant immediately filed a request for a hearing, alleging that the award did not accurately reflect the extent of his permanent injury. On October 2, 1975, while the hearing on the prior determination order was still pending, the Workmen's Compensation Board, having been advised that claimant had been referred to the Vocational Rehabilitation Division by the Disability Prevention Division,[2] issued an interim order finding that claimant had become "vocationally handicapped." Claimant's previous employer, Pacific Coca-Cola, then requested that it be permitted a hearing on the interim order and at the conclusion of a hearing held on November 24, 1975, the referee ruled that claimant was not a "vocationally handicapped worker." That decision was subsequently affirmed on review by the Workmen's Compensation Board. Upon its own review, however, the circuit court found that claimant "needs * * * vocational training * * * in order to enable him to find suitable employment in an occupation he is physically able to follow * * *," and reinstated the Board's initial interim order finding claimant to be eligible for temporary total disability payments throughout the duration of an appropriate vocational training program.

OAR 436-61-005(4) defines a " '[v]ocationally handicapped worker' " as

"* * * a worker who has an occupational handicap caused by a compensable injury which prevents his returning to his regular employment *and* who has no other skills which would enable him readily to return to full-time employment." (Emphasis supplied.)

Both the referee and the Board specifically found

---

[2]The Vocational Rehabilitation Division of the Department of Human Resources administers a vocational training program pursuant to ORS 344.511 et seq. The Disability Prevention Division administers the Workmen's Compensation Board's own vocational rehabilitation program in accordance with rules—OAR 436-61-003 to 436-61-065—adopted by Workmen's Compensation Board Administrative Order 6-1973.

that claimant's compensable injury had in fact diminished his capacity for "repetitive physical activity" and thereby rendered him incapable of "returning to his regular employment"—claimant's work experience prior to his injury having consisted largely of various types of heavy manual labor. Both the referee and the Board correctly noted, however, that in order to be eligible for benefits as a vocationally handicapped worker an individual must not only be incapable of returning to a position comparable to that held prior to his injury, but also be without other "skills which would readily enable him to return to full-time employment." The referee found, and the Board agreed, that "claimant does possess marketable skills * * * that * * * are not of such a specialized nature as to not be of benefit to claimant in seeking and gaining work in the general labor market * * *."[3]

We concur in that opinion. Apparently incapable of returning to his "regular employment," claimant would, like many other members of the work force, undoubtedly benefit from some kind of vocational training; it does not necessarily follow, however, that claimant is entitled to extended disability payments as a vocationally handicapped worker. We are, in fact, satisfied that coupled with his apparent intellectual capacity claimant's remaining physical abilities are sufficiently great to permit him to readily "return to full-time employment." Claimant does not, therefore, meet the eligibility requirements incorporated into OAR 436-61-005(4). *Cf., Leaton v. SAIF,* 27 Or App 669, 556 P2d 1375 (1976), Sup Ct *review denied* (1977).

Reversed.

---

[3]The referee specifically found as follows:

"Claimant has a high school education, has taken some night school courses since graduation and is presently maintaining a 3.5 G.P.A. at a community college. * * * [C]laimant has the ability to learn job duties and adapt to work with which he is not presently familiar. Considering claimant's situation without taking into account his community college training, the record reveals that aside from the general fund of knowledge gained from his high school education, claimant has sales ability as a result of his service station experience and driver-salesman experience."