SAUNDERS *Petitioner,*

*v.*

STATE ACCIDENT INSURANCE FUND,

*Respondent.*

(WCB 77-65797, CA 11876)

596 P2d 1316

Henry Kane, Beaverton, argued the cause and filed the briefs for petitioner.

Robert Y. Yanity, Associate Counsel, State Accident Insurance Fund, Legal Division, Portland, argued the cause for petitioner. With him on the brief were K. R. Maloney, Chief Counsel, James A. Blevins, Chief Trial Counsel, and William H. Stockton, Associate Counsel, State Accident Insurance Fund, Legal Division, Salem.

Before Schwab, Chief Judge, and Thornton, Lee and Gillette, Judges.

THORNTON, J.,

## THORNTON, J.

This case involves a dispute between petitioner and the Workers' Compensation Board as to whether petitioner should receive vocational rehabilitation benefits. ORS 656.728.

Petitioner claims he has been unable to secure new employment since suffering a compensable heart attack three years ago. He insists that he is unable to resume his former employment because he is no longer physically able to cope with the emotional stress involved. He also claims that his educational background, a bachelor's degree in pre-med and chemistry, will not qualify him for employment as a biologist, biochemist, or as a chemist working as a quality control manager, his previous occupation, in part because he has not kept abreast of developments in those fields, but mostly because he would now need either more experience than he possesses or more education. Petitioner therefore enrolled in a community college in spring, 1977, to become an alcoholism counselor. His aim in seeking an order for rehabilitation in the fall of 1977 was to get financial support while he pursued his new educational goals, which, by the way, concluded in September, 1978.

Petitioner's request was denied because the service coordinator handling his claim was of the opinion that petitioner was not hampered by a vocational handicap:

" 'You have a college degree in Pre-Med and Chemistry. You also have much experience * * * as a Chemist and Bacteriologist.

" 'With your education and past experience, you should be employable when your medical situation stabilizes.' "

The referee concluded as follows:

"OAR 436-61-005(4) defines a vocationally handicapped worker as one 'who is unable to return to his regular employment because of the permanent residuals of an occupational injury or disease, and who had no other skills which would enable him to return

to gainful employment.' Clearly, the agency is of the opinion claimant has sufficient education, skills and experience to obtain other employment without further education or training. The Referee does not doubt others might disagree, but it constitutes a value judgment upon which people might differ, rather than being an arbitrary and capricious decision contrary to reason and logic.

"Based upon the evidence presented I find claimant has failed to establish there has been an abuse of discretion which would authorize the Referee to reverse the agency decision."

The referee's Opinion and Order was adopted in whole by the Board.

Petitioner contends that the Disability Prevention Division's refusal to refer him for vocational rehabilitation constitutes an abuse of discretion.

We are presented with a threshold question: What is our scope of review here, de novo as in other workers' compensation cases, or something less?

First, we note that OAR 436-61-060(2) provides:

"The referee may reverse or modify the decision [of the Disability Prevention Division] only if substantial rights of a party have been prejudiced because the agency decision:

"(a) violates a statute or rule;

"(b) exceeds the statutory authority of the agency;

"(c) was made upon unlawful procedure; or

"(d) was arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."

While ORS 656.728 authorizes the Director to provide for vocational rehabilitation, the legislature used the term "may"in making the authorization. In contrast, in providing for disability benefits for injured workmen the legislature uses the term "shall." ORS 652.202. It could be argued, therefore, that some discretion is vested in the Director in granting or refusing requests for vocational rehabilitation. This is

further shown by the accompanying language of ORS 656.728 and OAR 436-61-005(4).

One question which naturally arises from the above differences in the enabling statutes for vocational rehabilitation and disability benefits is this: Did the legislature intend any differences in reviewability and scope of review of these two classses of cases? In other words, did the legislature intend by this difference in language to limit the reviewability and scope of review of administrative decisions pertaining to vocational rehabilitation to determining whether (1) there was substantial evidence (ORS 183.482(8)(d)) to support the department's decisions, and (2) if OAR 436-61-060(2) had been complied with?

An examination of the prior decisions indicates that this question was apparently not raised in the earlier cases decided by this court. In *Brady v. Gen. Acc. Assur. Co.,* 29 Or App 357, 563 P2d 763 (1977), the above question of limited reviewability was not raised. Both the trial court and this court assumed that judicial review was de novo and proceeded to decide the case on that basis. The same thing occurred in *Leaton v. SAIF,* 27 Or App 669, 556 P2d 1375 *rev den* (1977).

We need not pass upon the issue of the precise scope of review which this court must follow in vocational rehabilitation cases because we conclude that petitioner cannot prevail under either scope of review. We agree with the referee and the Board that petitioner has not established that he is vocationally handicapped as that term is used in ORS 656.728 and OAR 436-61-005(4).

Affirmed.