Submitted on record and briefs September 19,
affirmed December 31, 1979

## ADAMS,
*Petitioner,*

*v.*

## STATE ACCIDENT INSURANCE FUND,
*Respondent.*

(WCB No. 78-2570, CA 14651)

607 P2d 728

David W. Hittle, Salem, filed the brief for petitioner.

K. R. Maloney, Chief Counsel; Jim Blevins, Chief Trial Counsel; and Darrell E. Bewley, Associate Counsel, filed the brief for respondent.

Before Tanzer, Presiding Judge, and Thornton and Campbell, Judges.

THORNTON, J.

## THORNTON, J.

This appeal from an order of the Workers' Compensation Board involves a dispute between claimant and the Workers' Compensation Department as to whether petitioner should receive additional vocational rehabilitation benefits. ORS 656.728.

Claimant, a 46-year-old truck driver, claims he has been unable to secure new employment since his low back injury in April, 1976, while employed by Klamath Falls Freight, Inc. The claim was accepted and benefits paid for permanent partial disability of 64 degrees for 20 percent unscheduled disability.

Claimant requested a hearing on (1) his entitlement to an approved vocational rehabilitation program, and (2) the extent of his permanent disability. The referee held:

> "I find the decision to deny claimant an authorized vocational rehabilitation program was reasonable and supported by the evidence."

However, the referee increased the permanent disability awarded by an additional 48 degrees making a total award of 112 degrees for 35 percent unscheduled disability.

The board, after *de novo* review, affirmed and adopted the opinion and order of the referee but added the following:

> "Additionally, the Board would direct the Field Services Division of the Workers' Compensation Department to make every effort to provide claimant with a suitable on-the-job training program."

Claimant petitions for judicial review and requests this court to remand the case with instructions to place claimant in a program of vocational rehabilitation instruction by the Vocational Rehabilitation Division of the Department of Human Resources and to pay claimant temporary total disability benefits commencing July 10, 1978, while in vocational rehabilitation.

[901]

Supplementing claimant's vocational rehabilitation history, the record indicates that in December, 1976, the Disability Prevention Division of the Workers' Compensation Department found claimant to be vocationally handicapped as defined by OAR 436-61-005(4) and authorized a vocational rehabilitation program for claimant through the Vocational Rehabilitation Division.[1] This was postponed because of claimant's physical problems. In June, 1977, however, the Vocational Rehabilitation Division authorized claimant to enroll at the Oregon Institute of Technology (OIT) in a program leading to a degree in Water Quality Control. Again claimant's physical condition worsened and his neurosurgeon recommended that his vocational rehabilitation program be readjusted.

On March 6, 1978, the Field Services Division terminated his program because "our office does not support job search." Claimant continued to work with the Field Services Division. Job placement was tried unsuccessfully, as was on-the-job training. During this period, claimant contacted numerous prospective employers without success.

On April 3, 1978, the Vocational Rehabilitation Division authorized a training program in retail business management at Oregon Business College but the Field Services Division refused to authorize this program, although claimant continued in the program at his own expense until his disability award ran out.

---

[1] Thus this case is to be distinguished from such cases as *Leaton v. SAIF*, 27 Or App 669, 556 P2d 1375 (1976), *rev den*, 277 Or 491 (1977); *Brady v. Gen. Acc. Assur. Co.*, 29 Or App 357, 563 P2d 763 (1977), and *Saunders v. SAIF*, 40 Or App 169, 596 P2d 1316 (1979). In each of the above, the issue was whether the claimant was a handicapped worker as defined by OAR 436-61-005(4) and thus entitled to benefits provided under a vocational rehabilitation program sponsored by the Workers' Compensation Department under ORS 656.728. That issue was decided in the case at bar by the Disability Prevention Division on December 4, 1976, when claimant was determined to be vocationally handicapped and was referred to the Vocational Rehabilitation Division for a formal training program.

The record reflects that claimant has had work experience in a variety of occupations including automobile sales, department store sales, tire sales, union business agent and jet aircraft mechanic.

Having examined the entire record, we conclude that the Workers' Compensation Board's denial of further vocational rehabilitation benefits was reasonable under all the facts presented. Further, we agree that claimant has sufficient education and experience to return to work without additional training.

Affirmed.