WRIGHT, Presiding Judge.
This is a workmen’s compensation case.
The trial court, sitting without a jury, found that plaintiff had sustained a thirty percent permanent partial loss of ability to earn and awarded benefits commensurate with such finding. Plaintiff appeals. We affirm.
The issues on appeal are: (1) whether the trial court’s decree contains sufficient findings of fact to meet the requirements of § 25-5-88, Code (1975); and (2) whether there is sufficient evidence in the record to support the findings of a thirty percent permanent partial loss of ability to earn.
Section 25-5-88, Code (1975) provides in pertinent part:
[T]he judgment ... shall contain a statement of the law and facts and conclusions as determined by said judge.
This is necessary because the only method of review in workmen’s compensation eases is by certiorari. Fordham v. Southern Phenix Textiles, Inc., 387 So.2d 204 (Ala.Civ.App.), cert. denied, 387 So.2d 206 (Ala.1980). Substantial compliance with the requirements of the section, however, has been held sufficient. Republic Steel Corporation v. Kimbrell, 370 So.2d 294 (Ala.Civ.App.), cert. denied, 370 So.2d 297 (Ala.1979).
The following is a summary of the findings of fact contained in the trial court’s decree:
1. At the time of the injury the relationship between plaintiff and defendant was that of employee and employer within the meaning of Alabama’s Workmen’s Compensation statute.
2. Plaintiff’s injury was incurred while in the course of his employment with defendant.
3. Defendant has paid to plaintiff temporary total disability compensation at a rate of $116.67 per week for fifty-two weeks.
4. Defendant has paid to plaintiff $35.00 per week for thirty-seven weeks for a thirty percent permanent partial disability of the body as a whole.
5. Defendant has paid medical expenses incurred in the treatment of plaintiff’s injuries and agrees to pay any ex *1097 penses arising from the injury which are unpaid.
6. Plaintiff’s average weekly wage at the time of his accident was $175.00 and his compensable rate for total disability would be $116.67 per week.
7. As a result of the accident plaintiff sustained a thirty percent permanent partial loss of ability to earn.
The decree then sets out specifically the number of weeks which had elapsed since the injury, the number of weeks in which disability has already been paid, the amount of compensation due as of the date of the trial, and the amount to be paid in weekly installments in the future.
Plaintiff contends that the decree did not have sufficient findings of fact upon which the court could base its conclusion that as a result of the accident plaintiff sustained a thirty percent permanent partial loss of ability to earn. We note that the decree does not specifically describe plaintiff’s physical injuries, his educational background, or his previous work history. Where, however, there is merely an omission of one of the necessary facts to be found by the trial judge, the appellate court can go to the evidence in the record to determine if the judgment can be sustained. Calvert v. Funderburg, 284 Ala. 311, 224 So.2d 664 (1969).
It is a well-settled rule that a judgment in a workmen’s compensation case will not be disturbed upon review by certiorari if there exists any legal evidence to support the trial court’s findings. Bolden v. M. Lowenstein & Sons, Inc., 392 So.2d 1207 (Ala.Civ.App.1981).
The record before us reveals the following: Plaintiff was fifty-three years old at the time of the trial. He had only a seventh-grade education. He had served in the armed services and worked on a farm. For the past several years, however, he had been employed as a meat cutter. He was employed as such with defendant at the time he suffered his injury. Plaintiff injured his back while lifting approximately seventy pounds of chickens. He has undergone surgery on his back three times. At the time of the trial he was still complaining of pain in his back and leg and had some difficulty walking. Plaintiff testified that he had gone to a rehabilitation center and sought employment at the unemployment office. He was still unemployed at the time of trial. His attending physician testified that plaintiff had suffered a thirty percent permanent partial disability and could not engage in heavy lifting or twisting movements. An occupational expert, who had interviewed plaintiff several months prior to trial, testified that because of plaintiff’s physical disability and educational level as much as eighty percent of the job market might be closed to him.
Plaintiff contends that the trial court failed to properly distinguish between physical disability and decreased earning capacity. He argues that the testimony of the occupational expert should have been given more consideration.
The testimony of experts is not conclusive on the trial court. Falls v. Warrior Drilling & Engineering Company, Inc., 399 So.2d 854 (Ala.Civ.App.1981). Even if such testimony is uncontradicted, the weight and sufficiency to be attributed to an expert witness is for the trier of fact. Clark Lumber Company, Inc. v. Thornton, 360 So.2d 1019 (Ala.Civ.App.1978). Evidence as to physical disability of the body is not the sole determinative factor in assessing the percentage of loss of earning capacity. Education, age and work experience are other factors which the trial court may consider. City of Enterprise v. Herring, 372 So.2d 358 (Ala.Civ.App.1979). When the evidence is conflicting, resolution of the conflict is for the trial judge. The evidence in the instant case is in conflict. Since the trial judge has the opportunity to observe the demeanor of the witnesses and is not bound by expert testimony, the determination of the proper percentage of permanent partial disability rests with him. Hester v. Ridings, 388 So.2d 1218 (Ala.Civ.App.1980).
We cannot say that the evidence here fails to support the trial court’s finding of a thirty percent permanent partial loss of ability to earn.
*1098 Plaintiff’s contention that the trial court erred in failing to award mileage expenses incurred in the obtaining of medical treatment is not well taken. Section 25-5-77(c), Code (1975) is concerned with board, lodging and travel expenses incurred by an employee who must move away from his customary residence to undergo vocational rehabilitation. The mileage expenses claimed by plaintiff were incurred in obtaining medical treatment from his attending physicians. In any event, the record is void of proof of the actual expenses incurred and the reasonableness of those expenses.
Finding no error this case is due to be affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.