This Court issued a writ of certiorari to the Court of Civil Appeals to review a judgment of that court upholding an award for vocational rehabilitation under the workmen's compensation law.
Respondent was injured as a result of an on-the-job accident while employed by Beaver Valley Corporation. He suffered a twenty-five percent permanent partial disability of one arm and a thirty percent permanent partial disability of the other arm.
At the time of the accident he was 27 years old and his job consisted primarily of manual labor. He held a college degree in business administration from the University of Montevallo. He had also taken classes at Jefferson State Junior College in real estate, and at the University of Alabama at Birmingham in engineering in 1976 and 1978.
The circuit court, based on the testimony of Dr. Richard Meyer and Robert Thompson, a vocational rehabilitation specialist, held in construing § 25-5-77 (c), Code 1975, that Respondent was entitled to an award from Beaver Valley for vocational rehabilitation.
The circuit court ordered that Beaver Valley pay $5,480.00 a year for three and one-half years for Respondent to attend the University of Alabama at Birmingham so that he could obtain both undergraduate and masters degrees in computer science.
Dr. Meyer testified that Respondent is unable to return to manual labor. Robert Thompson testified that in today's economy a person with an undergraduate degree in business administration is not in great demand. On cross-examination, Thompson stated that Respondent can do almost anything he sets his mind to, other than heavy manual labor, and that if there was a job market, there would be numerous jobs he could perform with his educational background. Both Dr. Meyer and Thompson testified that in their opinions undergraduate and master's degrees in computer science from U.A.B. were reasonably calculated to restore Respondent to gainful employment and that earning them would be in his best interest. Respondent testified that he has applied for numerous jobs, to no avail.
Vocational rehabilitation benefits were awarded pursuant to §25-5-77 (c), Code 1975, which provides:
 "If an employee who is unable in the opinion of the treating physician to return to his former employment shall request vocational rehabilitation and if both a vocational rehabilitation specialist and a treating physician, the cost of whose service is the obligation of the employer under this section, shall express their opinions in writing that in the judgment of each of them vocational rehabilitation is reasonably calculated to restore the employee to gainful employment and is in the best interest of the employee, the cost of such rehabilitation shall be borne by the employer. Such cost, where rehabilitation requires residence at or near a facility or institution away from the employee's customary residence, shall include reasonable charges for the employee's necessary board, lodging and travel."
The Court of Civil Appeals, 477 So.2d 404 (1984), held that because there was competent evidence in the record that Respondent is unable to return to his former employment and because both the treating physician and the vocational rehabilitation specialist opined that undergraduate and master's degrees in computer science from U.A.B. were reasonably calculated to restore Respondent to gainful employment, the judgment of the trial court was due to be affirmed.
The standard of review in workmen's compensation cases is limited to a determination of whether there is any legal evidence to support the trial court's findings of fact. The appellate court does not weigh the evidence. If any reasonable view of the evidence supports the findings of the trial court, it is then determined if the correct legal conclusions have been drawn therefrom. Montgomery Lincoln-Mercury, *Page 411 Inc. v. Neal, 423 So.2d 850 (Ala. 1982). The basic facts being generally undisputed, our review of this case will focus primarily on whether the correct legal conclusions have been drawn from the evidence. A determination of whether the correct legal conclusions have been drawn will depend upon the proper statutory construction of § 25-5-77 (c).
The scope of an employee's rights to vocational rehabilitation pursuant to § 25-5-77 (c) is an issue of first impression. The general rule is that the workmen's compensation statutes will be liberally construed to effect their beneficent purposes. Orkin Exterminating Co. v. Williams, 389 So.2d 935
(Ala.Civ.App. 1980). While the statute should be liberally construed to effect its beneficent purposes, it should not be given a construction extending it beyond its legitimate scope, nor one which the language of the statute does not fairly and reasonably support. City of Jasper v. Sherer, 273 Ala. 356,141 So.2d 202 (1962).
Our research has revealed that at least 47 states have some kind of special rehabilitation provision in their statutes. These statutes vary widely; none of them is identical to §25-5-77 (c), and most provide more definite guidelines for the trial court.
In the absence of legislatively drawn guidelines for implementation of the statute, a court applying it should devise a reasonable plan of rehabilitation.
 "A worker may be disqualified for rehabilitation by being too untrainable as well as being already too well trained. Thus, a worker who was completely illiterate was judged unsuitable for a retraining program, as was a worker who had already completed a prior training program, not to mention an applicant who had a college degree in chemistry and extensive experience as a chemist and bacteriologist."
2 Larson, The Law of Workmen's Compensation, § 61.23 (1984 Supp.). See also, Adams v. State Accident Insurance Fund,43 Or. App. 899, 607 P.2d 728 (1979); Saunders v. State AccidentInsurance Fund, 40 Or. App. 169, 596 P.2d 1316 (1979); Brady v.General Accident Assurance Company, 29 Or. App. 357,563 P.2d 763 (1977); Sullivan, Long Hagerty v. Ward, 665 P.2d 855, (Okla.App. 1982); City of Salem v. Colegrove, 228 Va. 290,321 S.E.2d 654 (1984); Hunter Corp. v. Industrial Commission,86 Ill.2d 489, 56 Ill.Dec. 701, 427 N.E.2d 1247 (1981); and Ayoubv. Ford Motor Co., 101 Mich. App. 740, 300 N.W.2d 508 (1980).
The trial court must make two determinations before awarding vocational rehabilitation. First, the court must determine if the worker is a proper candidate for vocational rehabilitation. Secondly, if the worker is a proper candidate, the court must determine the type of vocational rehabilitation which is most appropriate to restore the worker to gainful employment.
It is the trial judge, not the expert witnesses, who is to make these determinations. The testimony of expert witnesses is not binding on the trial court. Even if such testimony is uncontradicted, the weight and sufficiency to be attributed to it are for the trier of fact. See generally, Ward v. King,415 So.2d 1095 (Ala.Civ.App. 1982). To hold, as the trial court did, that the expert witnesses' testimony is determinative of the issues, if supported by substantial evidence, is an erroneous interpretation of the statute.
What tests or factors should the trial court consider in determining if a worker is a proper candidate for vocational rehabilitation? The first requirement set out in § 25-5-77 (c), that the employee is unable to return to his former employment due to his injuries, is not here contested. The second requirement of § 25-5-77 (c), that "both a vocational rehabilitation specialist and a treating physician . . . shall express their opinions in writing that in the judgment of each of them vocational rehabilitation is reasonably calculated to restore the employee to gainful employment and is in the best interest of the employee," applies both to the eligibility of the employee for vocational rehabilitation and to the type of vocational rehabilitation selected. *Page 412 
As we interpret the statute, inclusion of the phrase "restore . . . to gainful employment" means that because of the injury, the employee must no longer be capable of gainful employment. "Restore" means to put back. The ability to be gainfully employed must be put back or restored through vocational rehabilitation. Gainful employment means employment similar in remuneration to that earned prior to the injury. Implicit in this is that the gainful employment sought to be restored must be "suitable." By "suitable" we mean employment which is compatible with the employee's pre-injury occupation, age, education, and aptitude. Thus, in deciding whether an employee is entitled to vocational rehabilitation, the trial court must determine if the employee has the ability to obtain suitable gainful employment. If the employee has lost the ability to obtain suitable gainful employment due to a compensable injury, then, barring any other reasonable basis to deny vocational rehabilitation, he should be entitled to have that ability restored through an appropriate plan of vocational rehabilitation.
Once the trial court has determined that the employee is a proper candidate for vocational rehabilitation, it is then faced with the difficult task of choosing the form of vocational rehabilitation which is most likely to restore the employee to suitable gainful employment. As we have interpreted § 25-5-77 (c), the program should be reasonably calculated to restore the employee to suitable employment providing an income comparable to that earned prior to the injury. In making its determination, the trial court should also consider the type of work done by the employee at the time of the injury, his vocational aptitude, his physical and mental abilities, and such other factors as the court may deem relevant.
Under the facts presented in this case, the award of undergraduate and master's degrees in computer science is not an appropriate program of vocational rehabilitation. Such a program far exceeds the purpose of § 25-5-77 (c), which is to restore the injured employee to suitable gainful employment. Rather than restoring Respondent to his pre-injury economic status, the program approved by the lower courts would allow Respondent to improve his station in life at the expense of Beaver Valley. This result is substantially in accord with the views expressed by Judge Wright in his dissenting opinion.
Beaver Valley also raises an issue as to the award of room and board expenses while Respondent was attending U.A.B. In light of our ruling on the proposed plan of vocational rehabilitation, we do not deem it appropriate to reach that issue.
The judgment is hereby reversed and the cause remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
TORBERT, C.J., and FAULKNER, JONES, SHORES, BEATTY and ADAMS, JJ., concur.