WRIGHT, Presiding Judge.
This is a workmen’s compensation case.
The single issue concerns the trial court’s calculation of the employee’s benefits. The employer appeals, contending the trial court erred in calculating an award of workmen’s compensation benefits for a nonscheduled injury based upon the minimum weekly benefit prescribed in § 25-5-68(b), Code of Alabama 1975.
This case requires us to construe the applicable statutory provisions. The general rule in this regard is that the workmen’s compensation statute will be liberally construed to effect its beneficent purposes, but it should not be given a construction extending it beyond its legitimate scope nor one which the language of the statute does not fairly and reasonably support. Ex parte Beaver Valley Corporation, 477 So.2d 408 (Ala.1985).
The record shows that the employee sustained a back injury caused by an accident arising out of and in the course of her employment with the appellant-employer. The employee brought an action for workmen’s compensation benefits. The injury produced temporary total disability for a period of seventy weeks and four days, for which the employee was compensated. The trial court found the injury to the employee resulted in permanent partial disability and a resulting loss of earning capacity of thirty-five percent. The court held the following with respect to the calculations in question:
“The average weekly earnings in the state at the time of the injury were $261.00 and 25% of that amount is equal to $65.00 per week. This is the minimum weekly compensation as set forth in Code of Alabama 1975 § 25-5-68(b). The plaintiff is entitled to compensation payments for a maximum of 300 weeks reduced by 70.58 weeks which represents *1134 the number of weeks the plaintiff was paid temporary total benefits.
“The plaintiff is entitled to recover from the defendant the sum of $65.00 per week for a period of 229.42 weeks which equals the sum of $14,913. The court hereby awards a fee to the plaintiffs attorney of 15% which is equal to the sum of $2,237 and said attorney’s fee shall be paid in a lump sum deducted from the backend of the benefits and reduced to its present value.”
After the entry of the trial court judgment, the employer moved for a new trial on the basis of the court’s calculation of the employee’s benefits, which was denied. This appeal followed.
The employer submits that the trial court erred in its calculation of the employee’s benefits for the following reasons: first, that § 25-5-68(b)’s “minimum benefits” language does not cover the employee’s injury; second, employee’s injury was to the back, making it a nonscheduled injury covered by § 25-5-57(a)(3)g (that section does not provide for minimum benefits); and, third, that the preceding § 25-5-57(a)(3)f does provide for both maximum and minimum benefits. Thus, employer contends that the legislature intended only scheduled injuries to be subject to the minimum benefits requirement of § 25-5-68(b).
The employer is correct in stating that back injuries are nonscheduled injuries subject to § 25-5-57(a)(3)g. See Goodyear Tire & Rubber Company of Alabama v. M.H. Downey, 266 Ala. 344, 96 So.2d 278 (1957); Malbis Bakery Co. v. Collins, 245 Ala. 84, 15 So.2d 705 (1943). That section reads in pertinent part as follows:
“g. Compensation for Permanent Partial Disabilities Not Enumerated. — In all other cases of permanent partial disability not above enumerated, the compensation shall be 66⅜ percent of the difference between the average weekly earnings of the workman at the time of the injury and the average weekly earnings he is able to earn in his partially disabled condition, subject to the same maximum weekly compensation as stated in section 25-5-68.” [Emphasis ours.]
The trial court based its calculation upon § 25-5-68 which reads:
“(b) With respect to injury or death resulting from an accident occurring on or after July 1, 1976, the compensation paid under this article shall be not less than, except as otherwise provided in this article, 25 percent of the average weekly wage of the state as determined by the director of industrial relations (rounded to the nearest dollar) pursuant to subsection (c) of this section, ...” [Emphasis ours.]
Section 25-5-57(a)(3)f, which employer contends supports its argument that the legislature did not intend nonscheduled injuries to be subject to the minimum benefits language of § 25-5-68(b), reads as follows:
“f. Maximum and Minimum Compensation Awards. — All compensation provided in this subsection (a) for loss of members or loss of use of members is subject to the same limitations as to maximum and minimum weekly compensation as stated in section 25-5-68.” [Emphasis ours.]
The employer contends that § 25-5-57(a)(3)g, which does not on its face require minimum benefits, is one section referred to by the language of § 25-5-68(b), which states “except as otherwise provided in this article.” The commentators on Alabama workmen's compensation law concur. See J. Hood, B. Hardy, Jr., E.J. Saad, Alabama Workmen’s Compensation, § 10-10 at 81 (1982); J. Haley, Handbook on Workmen’s Compensation Law, 89 (1982).
The language of the statute is clear. It was just as clear in the 1958 Code. See Tit. 26, §§ 279(C)(5), (6), and 289. The issue presented to this court would seem to be one of first impression in our appellate courts.
It is therefore the opinion of the court that the minimum benefit provision of § 25-5-68(b) does not apply to injury falling under § 25-5-57(a)(3)g. The compensation for employee’s injury and loss of earning capacity is to be calculated as set out *1135 therein. The formula properly to be used is that set out in Judge Haley’s Handbook on Workmen’s Compensation Law at 88-89.
The judgment in this case, insofar as the amount of compensation and attorney fee, is reversed and the cause remanded to the trial court for recalculation of benefits and attorney fees in accord with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH DIRECTION.
BRADLEY and HOLMES, JJ., concur.