CRAWLEY, Judge,
concurring specially.
I concur because this court is bound by the definition of “gainful employment” established by the Alabama Supreme Court in Ex parte Beaver Valley Corp., 477 So.2d 408 (Ala.1985): “Gainful employment means employment similar in remuneration to that earned prior to the injury.” Under that definition, Ms. Crump was not “gainfully employed” — even though she worked and earned substantial sums after being adjudged permanently and totally disabled' — because her postadjudication wages were considerably less than her pre-injury wages. 477 So.2d at 412. But compare § 25-5-57(a)(4)h. and § 25-5-57(a)(4)i. (assuming that “gainful employment” means something other than work with comparable pay).
Section 25-5-57(a)(4)b (the statute that allowed AIGA to petition the trial court to set aside its prior determination that Crump was permanently and totally disabled) does not contemplate an “all or nothing” approach to revisiting disability determinations. It provides that the trial court may “alter, amend, or revise ” the prior compensation award. That means that the trial court has the authority to determine that someone like Mrs. Crump, who has previously been declared permanently and totally disabled, but who is now working and earning at least a portion of her former wages, is only permanently partially disabled.